(November 20, 1895.)

## STATE v. HAVERLY.

[42 Pac. 506.]

ERRORS—How BROUGHT TO ATTENTION OF COURT.—Errors alleged must appear affirmatively in the record, to entitle them to be considered by this court.

SAME—UPON REMARKS BY DISTRICT ATTORNEY.—Where error is predicated upon remarks made by district attorney during the trial, and it appears such remarks were in response to remarks by defendant's counsel, and, further, that the court admonished the jury that they must disregard the remarks, it will not be deemed reversible error.

CONSIDERATION OF EVIDENCE.—The evidence in this case considered, and deemed sufficient to support verdict.

(Syllabus by the court.)

APPEAL from District Court, Kootenai County.

R. E. McFarland, for Plaintiff in Error.

While possession of stolen property, or possession of property taken from a building recently burglarized is a circumstance to be considered with other circumstances tending to show guilt, it is not alone sufficient to warrant a conviction of larceny or burglary. (*People v. Hurley*, 60 Cal. 74, 44 Am. Rep. 55; *People v. Flynn*, 73 Cal. 511, 15 Pac. 102; *State v. Tilton*, 63 Iowa, 117, 18 N. W.. 716.) Improper language by the prosecuting attorney is grounds for reversal. (*People v. Bowers*, 79 Cal. 415, 21 Pac. 752; *People v. Fowler*, 104 Mich. 449, 62 N. W. 572; *Clapp v. State*, 94 Tenn. 186, 30 S. W. 214; *People v. Pinkerton*, 79 Mich. 110, 44 N. W. 180.) Though stricken out, it is not cured. (*People v. Mitchell*, 62 Cal. 411; *People v. Lee Chuck*, 78 Cal. 317, 20 Pac. 719.) When the state asks incompetent questions tending to show a defendant guilty of other crimes, with the evident intent of impressing the probability of his guilt on the minds of the jury, a judgment of conviction will be reversed. (*People v. Wells*, 100 Cal. 459, 34 Pac. 1078; *People v. Mulling*, 83 Cal. 138, 17 Am. St. Rep. 223, 23 Pac. 229; *Gale v. People*, 26 Mich. 161; *Leahy v. State*, 31 Neb. 566, 48 N. W. 390.)

George M. Parsons, Attorney General, for the State (Charles W. Beale, District Attorney, of Counsel).

The court instructed the jury to disregard the remarks of counsel. (Wharton's Criminal Practice and Pleading, sec. 577; *State v. Sheets,* 89 N. C. 551; *Reed v. State,* 141 Ind. 116, 40 N. E. 525.) If the party provoked the remark complained of, the objection will not stand. (*Eanes v. State,* 10 Tex. App. 421.) When no exception is taken to the ruling of the court, the objection is waived. (*People v. Kuok Wah Choi,* 2 Idaho, 90, 6 Pac. 112; *Renton v. Monnier,* 77 Cal. 449-457, 19 Pac. 820.)

HUSTON, J.—The defendant was convicted of the crime of burglary in the first degree. Motion for new trial was made and overruled. This appeal is from the judgment and from the order overruling motion for new trial. Eighteen errors are assigned, upon which a reversal is asked. We shall consider and pass upon such as we deem material. As to the first, second, and third assigned errors, it is sufficient to say that we have repeatedly held that, where error is relied upon, it must appear affirmatively in the record. Under this established rule, the first three errors assigned by appellant will not be considered.

The fourth assignment of error is to the overruling by the court of the objection to the following question by the prosecution to the witness Mrs. Wannacott, viz.: "Could anyone have gotten into that building after you got up that morning, and taken out this meat, without your knowing it?" The witness had already testified as to the location of the burglarized building with reference to the one she was in, and that it was in plain sight from the back part of the dwelling, where she was at work. We see no objection to the question.

The fifth error alleged is that "the court erred in not instructing the jury, at the close of the state's evidence, to acquit the defendant." Section 7877 of the Penal Code provides: "If, at any time after the evidence on either side is closed, the court deems it insufficient to warrant a conviction, it must advise the jury to acquit the defendant, but the jury are not bound by the advice." The giving of such instruction

is a matter of discretion with the trial court, and its action is not reviewable here.

The sixth error assigned is the refusal of the court to recall a witness on the part of the prosecution, for the purpose of allowing defendant to lay the grounds for his impeachment. We see no error in this ruling, there not appearing to have been any abuse of discretion by the court.

The seventh assignment of error is predicated upon certain remarks made by the district attorney during the trial, and in the presence of the jury, as to what he was expecting or trying to prove by the witness then under examination. While the remarks might have been exceptionable, had they been volunteered by the district attorney, when, as appears by the record, they were responsive to or in reply to remarks by defendant's counsel, we hardly think they amount to reversible error, especially when the jury were instructed by the court to disregard them.

As to the eighth assignment, we think the question objected to proper on cross-examination.

As to the ninth and tenth assignments, there seems to be a conflict in the evidence. We are, however, of the opinion, from what appears in the record, that there was no misconduct on the part of the jury. If, as is claimed, the pork (the subject of the larceny) was by the officer placed in a room which was afterward occupied by the jury while deliberating upon their verdict, yet one of the jury swears that it was not looked at or examined by himself, or by any others of the jury in his presence. Under this state of the record, we cannot say there is error prejudicial to the defendant.

The objection that the verdict is not supported by the evidence is one we cannot consider, when there is simply a conflict. The jury have passed upon the sufficiency of the evidence after having heard the testimony of witnesses, and, unless the record shows such a preponderance of evidence against their conclusion as leads to the belief that they were influenced by passion or prejudice, the appellate court will not disturb their verdict.

We have carefully examined the instructions given and refused by the court, and are satisfied that the law was correctly stated therein. Judgment of district court is affirmed.