(April 25, 1916.)

## STATE, Appellant, v. MICHAEL MURPHY, Respondent.

[156 Pac. 908.]

CRIMINAL LAW — EVIDENCE — INSTRUCTION TO ACQUIT — DISCRETION OF COURT—NOT REVIEWABLE.

1. *Held,* that, under sec. 7877, Rev. Codes, which provides, "If, at any time after the evidence on either side is closed, the court deems it insufficient to warrant a conviction, it must advise the jury to acquit the defendant. But the jury are not bound by the advice," the action of the trial court in advising the jury to acquit the defendant was the exercise of judicial discretion, and is not subject to review by this court.

[As to right of court to direct a verdict of "guilty" where plea of "not guilty" has been entered, see note in Ann. Cas. 1916A, 1241.]

APPEAL from the District Court of the First Judicial District, for Shoshone County. Hon. W. W. Woods, Judge.

Criminal prosecution for murder. Judgment for defendant. *Affirmed.*

J. H. Peterson, Atty. Genl., for Appellant.

James A. Wayne and Carlton Fox, *Amici Curiae.*

For the purpose of the motion for an advisory instruction to acquit, every fact brought out by the evidence is admitted to be true. It is therefore admitted by this motion, first, that the defendant killed Patrick Haggerty; second, that the defendant killed him without cause, or justification.

In the case of *People v. Walter,* 1 Ida. 386, this court held that every homicide, unexplained, is murder, but it is left to the jury to say whether it is murder of the first or second degree, and then further held that if the defendant admitted the killing, he was guilty of murder, unless he was insane or had some other defense. In order for the court to give this instruction, it was necessary that it should be found that the homicide was justifiable.

For the purpose of a motion to quash an indictment the facts stated in the indictment are to be taken as true. (*People v. Williams,* 1 Ida. 85.)

A demurrer to the evidence admits the truth of facts which are shown, whether by parol or by writing, and every fair inference from such facts, and the court decides upon their legal effect only, and not upon the sufficiency of their proof. (12 Cyc. Crim. Law, 594.)

W. H. Hanson, W. F. McNaughton and J. P. Gray, for Respondent.

This court has repeatedly held that under sec. 7877, Rev. Codes, the court may advise the jury to acquit. (*State v. Peck,* 14 Ida. 712, 95 Pac. 515; *State v. Downing,* 23 Ida. 540, 130 Pac. 461.) In *State v. Haverly,* 4 Ida. 484, 42 Pac. 506, this court expressly holds that the giving of such instruction under sec. 7877 is a matter of discretion with the trial court, and its action is not reviewable in the supreme court.

The California courts construing statutory provisions similar to the Idaho provisions have held that an acquittal upon advice of the court to acquit bars all subsequent prosecution,

and that any subsequent prosecution would put the defendant twice in jeopardy for the same offense, in violation of the statute and constitutional guaranty. (*People v. Horn,* 70 Cal. 17, 11 Pac. 470; *People v. Roberts,* 114 Cal. 67, 45 Pac. 1016; *People v. Terrill,* 132 Cal. 497, 64 Pac. 894; *People v. Hill,* 146 Cal. 145, 79 Pac. 845.)

BUDGE, J.—The respondent was by an information of the county prosecuting attorney of Shoshone county accused of the crime of murder. A trial was had upon this charge before the court with a jury. After the state had introduced its proof and rested, respondent, through his counsel, moved the court to advise the jury to return a verdict of not guilty and to acquit the respondent of the charge alleged in the information for the reasons, first, that the evidence was not sufficient to sustain a conviction; second, that the evidence was insufficient to require respondent to go to his proof upon the issue that he wilfully, unlawfully, deliberately, premeditatedly or with malice aforethought, killed or murdered one Patrick Haggerty; third, that the state introduced testimony which, viewed from the standpoint of law, was insufficient to justify a conviction or to sustain a conviction or to authorize the jury to return a verdict of guilty of any offense; fourth, that the evidence was not sufficient to sustain a conviction of murder in the first degree, of murder in the second degree, or to sustain a conviction of manslaughter. After this motion was argued by counsel for the respondent and for the state, the trial court gave the following instruction:

"The court deeming the evidence insufficient to warrant a conviction, it must and does advise the jury to acquit the defendant. But the jury are not bound by the advice."

Thereafter the jury returned into court and rendered their verdict finding the defendant not guilty, and he was thereupon discharged. Counsel for the state duly excepted to the giving of said instruction by the court, and assigns it as error. This is an appeal by the state from the action of the trial court in giving said instruction.

We are first met with a motion by respondent to dismiss
the appeal in this case for the reasons, as assigned in the mo-
tion, that it has been finally determined by the verdict of the
jury wherein the respondent has been held not guilty of the
offense charged against him; that the verdict of the jury ac-
quitted respondent of the offense charged, and respondent
has been once in jeopardy; that this is a moot case, and there
is no power in this court to grant to appellant any effectual
relief.   It is admitted by counsel representing the state that
the question raised by the appeal is a moot question; that the
respondent has been in jeopardy; and that the court could not
grant a new trial, nor in any way interfere with the verdict
of the jury.   But he contends that the right of the state to
appeal in this case rests solely upon subdivision 5 of sec. 8043,
Rev. Codes, which is as follows:

"Sec. 8043.   An appeal may be taken by the State: . . . .

"5. From any ruling of the trial judge during the course
of the trial on the receipt or rejection of testimony, and from
any ruling of the trial judge on the giving or refusal to give
instructions to the jury."

It is the contention of counsel for the state in this case that
an advisory instruction to acquit should never be given ex-
cept in a case where there is an absolute failure of proof of
some essential element constituting a particular crime, for
instance, if the proof of the *corpus delicti* is absolutely lack-
ing, then the court should give such an instruction; but that
such an instruction as given in this case should never be given
where there is competent evidence tending to sustain the
charge, nor because there may be some conflict in the evi-
dence, nor because the court itself might entertain a reason-
able doubt as to the guilt of the defendant.

Counsel for respondent insist that the giving of the instruc-
tion complained of is not subject to review in this court, but
that it was within the discretion of the trial judge to give such
an instruction, under sec. 7877, Rev. Codes, which provides:
"If, at any time after the evidence on either side is closed,
the court deems it insufficient to warrant a conviction, it must
advise the jury to acquit the defendant.   But the jury are

not bound by the advice." We are of the opinion that the position taken by counsel for respondent is correct, and that the court was authorized under section 7877, *supra,* to give this instruction, if in its opinion the evidence was insufficient to warrant a conviction. And in the giving of this instruction the court was clearly exercising a judicial discretion. That being true, upon the authority of *State v. Haverly,* 4 Ida. 484, 42 Pac. 506, this action of the trial court is not reviewable here. (See to same effect, *Territory v. Laun,* 8 Mont. 322, 20 Pac. 652; *People ex rel. Hodson v. Miner,* 144 Ill. 308, 33 N. E. 40, 19 L. R. A. (Extra Annotated) 342.) After the evidence on either side in a criminal cause is closed, if the trial judge deems it insufficient to warrant a conviction, it is his duty, under the provisions of the above-quoted section of the statute, to advise the jury to acquit the defendant. The jury are not bound by the advice; but if they are in accord with the views entertained by the trial judge that the evidence of the state is of such a nature that it is insufficient to satisfy their minds of the defendant's guilt, or if all of the material elements of the crime charged have not been proved, it is their right to acquit the defendant.

This appeal presents no question which this court can rightly review. We cannot here inquire whether the verdict was sustained by the evidence. (*People v. Horn,* 70 Cal. 17, 11 Pac. 470.) The motion to dismiss the appeal is sustained.

Sullivan, C. J., and Morgan, J., concur.