(August 14, 1923.)

## STATE, Appellant, v. A. A. HANSON and WALTER SHAW, Respondents.

[219 Pac. 1062.]

CRIMINAL LAW—JURY—ADVISORY INSTRUCTION TO ACQUIT—APPEAL BY STATE—NOTICE.

1. Giving or refusing to give an advisory instruction to acquit a defendant being a matter in the discretion of the trial court and one upon which error cannot be predicated, no appeal lies from the action of the trial court in giving or refusing to give such instruction.

2. When the state appeals under C. S., sec. 9069, the notice of appeal should specify the particular rulings from which the appeal is taken.

APPEAL from the District Court of the Tenth Judicial District, for Nez Perce County. Hon. Wallace N. Scales, Judge.

Criminal prosecution for involuntary manslaughter. From a verdict of acquittal under advisory instruction of the court, the state appeals. *Affirmed.*

A. H. Conner, Attorney General, John L. Phillips, Pros. Atty., and Leo McCarty, Former Pros. Atty., for Appellant.

In advising the jury to acquit the defendants, the court was not instructing the jury in matters of law, but in matters of fact. C. S., sec. 8904, provides that issues of fact must be tried by a jury.

Publisher's Note.

1. Power and duty of court to direct or advise acquittal in criminal case for insufficiency of evidence, see note in 17 A. L. R. 910.

Refusal of court to direct acquittal as ground for predicating error, note, Ann. Cas. 1912C, 799.

2. Right of state to appeal in criminal cases, see note in 19 L. R. A. 342.

C. S., sec. 8941, subd. 6, provides that the judge must not charge the jury in respect to matters of fact.

The court did not make clear to the jury that they were not bound by its advice. (*State v. Downing,* 23 Ida. 540, 543, 130 Pac. 461.)

Otto D. Burns, for Respondents, files no brief.

DUNN, J.—The defendants were tried in the district court of Nez Perce county on the charge of involuntary manslaughter. After the case had been submitted to the jury and they had deliberated thereon for several hours the court, on its own motion, advised a verdict of acquittal, accompanying such advice with the statement that the jury were not bound by it. In accordance with this advisory instruction, the jury returned a verdict of acquittal. From the giving of this instruction, the state appeals.

C. S., sec. 8963, provides:

"If, at any time after the evidence on either side is closed, the court deems it insufficient to warrant a conviction, it must advise the jury to acquit the defendant. But the jury are not bound by the advice."

This court has held that the giving of an advisory instruction in accordance with this section, or the refusal to give such instruction, being a matter in the discretion of the trial judge, is not one upon which error can be predicated. (*State v. Sullivan,* 34 Ida. 68, 199 Pac. 647, 17 A. L. R. 902; *State v. Murphy,* 29 Ida. 42, 156 Pac. 908.)

The state has a right to appeal in criminal cases only upon some one of the grounds set out in C S., sec. 9069, which reads as follows:

"An appeal may be taken by the state:

"1. From a judgment for the defendant on a demurrer to the indictment or information.

"2. From an order granting a new trial.

"3. From an order arresting judgment.

"4. From an order made after judgment affecting the substantial rights of the prosecution.

"5. From any ruling of the trial judge during the course of the trial on the receipt or rejection of testimony, and from any ruling of the trial judge on the giving or refusal to give instructions to the jury."

The provision of subdivision 5 for appeal from any ruling of the trial judge on the giving or refusal to give instructions to the jury does not apply to the advisory instruction mentioned above. Giving or refusing to give such instruction being a matter in the discretion of the trial court and one upon which error cannot be predicated, no appeal lies from the action of the court in giving or refusing to give such instruction.

The prosecuting attorney attempted to appeal also from the rulings of the court giving and refusing to give certain other instructions and from certain rulings of the court during the course of the trial rejecting certain evidence offered by the state and receiving certain evidence offered by the defendants over the objection of the state. The notice of appeal does not specify the particular rulings of the trial judge objected to, either in the admission or rejection of testimony or in giving or refusing to give instructions. An attempt is made to appeal from all rulings of the trial judge on the admission of testimony and the giving of instructions, without specifying a single ruling.

The defendant in a criminal case is entitled to have the notice of appeal state the particular rulings of the trial judge from which the appeal is being taken. (C. S., sec. 9071.) In this respect, we think the notice of appeal in this case is insufficient.

The rulings of the trial court on all matters covered by this attempted appeal are affirmed.

McCarthy and Wm. E. Lee, JJ., concur.

Steele, District Judge, sat at the hearing, but took no part in the decision.