(December 4, 1924.)

## STATE, Respondent, v. CLARENCE ASHBY, Appellant.

### [230 Pac. 1013.]

CRIMINAL COMPLAINT IN JUSTICE COURT—APPEAL FROM JUDGMENT OF
CONVICTION —.TRIAL DE NOVO — ARRAIGNMENT AND PLEA — SUFFI-
CIENCY OF COMPLAINT — ASSIGNMENTS BASED ON ADMISSION OR
REJECTION OF EVIDENCE—WHEN REVIEWABLE.

1. Under C. S., sec. 9227, a prosecution for a public offense
before a probate or justice court of which such court has juris-
diction is commenced by the filing of a complaint under oath
setting forth the offense charged with such particulars as will
enable the defendant to understand the character of the charge.

2. Where the defendant in a criminal case appeals to the
district court from a judgment of conviction rendered by a pro-
bate or justice court the cause is tried anew in the district court
upon the complaint filed in the court of original jurisdiction, and
neither a new arraignment or plea is necessary in the district
court.

3. Appellant was charged under C. S., sec. 2622, with wil-
fully, knowingly, unlawfully and intentionally being at a public
gathering while drunk and intoxicated, and this sufficiently states
a public offense, including the element of criminal intent.

4. Assignments of error based upon the action of the court
in admitting evidence are not reviewable upon appeal when no
exception is preserved in the record to such rulings.

APPEAL from the District Court of the Seventh Judicial
District, for Canyon County. Hon. Ed. L. Bryan, Judge.

Judgment of conviction for misdemeanor. *Affirmed.*

40 Idaho—1                 (1)

Clarence S. Hill and Hugh N. Caldwell, for Appellant.

A criminal case appealed from a justice or probate court, after the appeal, stands the same in the district court as though it had been begun there. It is therefore a new trial on every point and question that was raised or might have been raised in the justice or probate court. (*State v. Stafford,* 26 Ida. 381, 143 Pac. 528; C. S., sec. 9268.)

In every crime or public offense there must exist a union or joint operation of act and intent, or criminal negligence. (C. S., sec. 8087; *In re Baugh,* 30 Ida. 387, 164 Pac. 529; *State v. Omaechevviaria,* 27 Ida. 797, 152 Pac. 280; *State v. Bidegain,* 33 Ida. 66, 189 Pac. 242.)

A. H. Conner, Attorney General, and James L. Boone, Assistant, for Respondent.

It is not necessary on an appeal to the district court from a judgment of conviction in a justice court to rearraign the defendant where a plea of "not guilty" has been entered in the lower court. (C. S., sec. 9268; *State v. Stafford,* 26 Ida. 381, 143 Pac. 528; *Zimmerman v. Bradford-Kennedy Co.,* 14 Ida. 681, 95 Pac. 825; *Albinola v. Horning,* 39 Ida. 515, 227 Pac. 1054.)

In order to review the ruling of the court on the admission of testimony, it is necessary to save an exception. (C. S., sec. 9006; *State v. Brockman,* 39 Ida. 468, 228 Pac. 250.)

Instructions of the court must be read together, as no one instruction states all the law. (*State v. Petrogalli,* 34 Ida. 232, 200 Pac. 119; *State v. Sayko,* 37 Ida. 43, 216 Pac. 1036.)

Where there is substantial evidence to support the verdict and the judgment founded thereon, the judgment will not be disturbed. (*State v. Steen,* 29 Ida. 337, 158 Pac. 499; *State v. Askew,* 32 Ida. 456, 184 Pac. 473; *State v. Ford,* 33 Ida. 689, 197 Pac. 558; *State v. White,* 33 Ida. 697, 197 Pac. 824; *State v. Colvard,* 33 Ida. 702, 197 Pac. 826.)

WILLIAM A. LEE, J.—A complaint was filed in the justice court of Caldwell precinct, Canyon county, which

charged appellant, under C. S., sec. 2622, with being drunk and intoxicated at a public gathering. After jury trial in the justice court appellant was found guilty and from the judgment of conviction thereon appealed to the district court where he was again convicted, and this appeal is from that judgment.

Appellant makes numerous assignments of error. The first two are predicated upon the contention that appellant had not been arraigned and given an opportunity to plead. An examination of the record in the justice court shows that after appellant was arraigned and had entered a plea of not guilty the prosecuting attorney was permitted to strike certain words from the complaint. After this, appellant objected to the introduction of evidence in support of the complaint, upon the ground that it had been amended and he had not again been arraigned after such words were stricken, but that court held that the words stricken did not change the charging part of the complaint or materially affect it, and the objection was overruled. It does not appear from the record what changes were made in the complaint by the prosecuting attorney, and in the absence of any showing in this regard, and further, in view of the fact that the complaint, as it appears in the record in the district court, to which the cause was brought by appeal, is sufficient, and appellant being tried upon this complaint as amended, no prejudicial error appears in that respect.

It was said in *State v. Stafford*, 26 Ida. 381, 143 Pac. 528, that "a criminal case appealed from a justice or probate court, after the appeal, stands the same in the district court as though it had been begun there. It is therefore a new trial on every point and question that was raised or might have been raised in the justice or probate court."

Prior to the introduction of any testimony, the court directed the clerk to read the complaint, which was accordingly done, and the clerk stated at the close of such reading, "to which complaint defendant pleads not guilty." Appellant moved that this statement of the clerk be stricken for the reason that appellant had entered no plea in that

court and had never been arraigned, to which the court replied, "When there has been no plea entered, the law directs that a plea of not guilty be entered, so the motion will be overruled," and thereafter the trial of the cause proceeded in the usual manner. Upon this state of the record we are of the opinion that the first two assignments are without merit. It has been frequently held that in a trial upon a misdemeanor charge, a failure to give a defendant an opportunity to plead is not reversible error where the defendant proceeds to trial without raising the objection, and under such circumstances he waives the privilege of pleading. In the instant case, when appellant raised the objection, the court in effect directed that a plea of not guilty be entered for him. (See authorities cited to note in *State v. Walton*, 50 Or. 142, 91 Pac. 490, as found in 13 L. R. A., N. S., 811.)

Appellant's third assignment, that the complaint does not state facts sufficient to constitute a public offense, is also without merit. The section of the statute referred to makes it a misdemeanor for a person to be intoxicated at any public gathering, and an inspection of the complaint shows that appellant was charged with this offense, in plain and concise language.

Appellant's assignments 4, 5 and 6 relate to questions permitted by the court to be asked a witness and answered over appellant's objections. To two of these questions appellant saved no exception to the court's rulings. Assignments of error involving the action of the court in ruling upon the introduction of evidence are not reviewable upon appeal when no exceptions thereto are preserved in the record or by a bill of exceptions. (*State v. Brockman*, 39 Ida. 468, 228 Pac. 250.) The ruling of the court permitting a question to be answered as to the condition of appellant on the following day could not have been prejudicial under the existing circumstances. The same may be said of the seventh assignment, which was based upon the contention that the state was required to elect whether it relied upon appellant being intoxicated at some particular place at this

public gathering, that is, at his car, in the anteroom of the hall, or in the hall.

Assignments 8 and 9 relate to the court giving of its own motion two instructions, the substance of which are that if the jury, after a careful consideration of all of the testimony, were convinced beyond a reasonable doubt that appellant was drunk or intoxicated at a public gathering, at the time and in the manner described in the complaint, they should find appellant guilty. Appellant contends that these instructions are erroneous in that they disregard and entirely ignore the element of intent to commit a crime. Instructions must be read, considered and applied together, as no one of them can be presumed to state all of the law relative to the case. (*State v. Sayko,* 37 Ida. 430, 216 Pac. 1036.) In its opening statement to the jury the court, in effect, instructed it that appellant was charged with the crime of being drunk or intoxicated at a public gathering, which crime was alleged in the complaint to have been committed by appellant wilfully, knowingly and intentionally, and that under the laws of this state any person who shall be drunk or inintoxicated at a public gathering is guilty of a misdemeanor. When these instructions are considered as a whole it cannot be contended that they fail to include the element of intent.

Objection is made that there is a fatal variance between the judgment as entered and the minutes of the court, in that the judgment recites that appellant was sentenced to sixty days in jail and fined $150 together with $75 costs. The minutes of the court stated that appellant was sentenced to sixty days in jail and to pay a fine of $225, it thus appearing that in entering the judgment as to the amount of the fine, the clerk included therein the costs of the prosecution instead of stating the amount of the fine and costs separately. We think it apparent that appellant could not have been prejudiced by this method of entering the judgment even if it were conceded that the two amounts should have been separately stated.

The remaining assignments are predicated upon the insufficiency of the evidence to sustain the verdict and judgment entered thereon. The uncontradicted evidence shows that on the night in question there was a dance at Marble Front Community Hall and that approximately sixty people were present at this gathering. While it is true that when appellant undertook to enter the hall in an intoxicated condition the person stationed at the door to prevent the admission of intruders stated that it was an invitation affair and refused to admit appellant or any of the parties that accompanied him, regardless of how the people congregated it was nevertheless a public gathering within the purview of this statute, and the attempt of appellant to obtrude himself upon this company in his intoxicated condition was a gross breach of social amenities and good breeding that ordinarily prevail in communities of this kind, as well as a violation of the law.

The verdict is fully supported by the evidence and the judgment of the court is affirmed.

McCarthy, C. J., Dunn and Wm. E. Lee, JJ., concur.