(February 26, 1926.)

## STATE, Respondent, v. GEORGE WEST, Appellant.

[245 Pac. 85.]

CRIMINAL LAW — SEARCH AND SEIZURE — EFFECT OF SEARCH WITH OWNER'S CONSENT—REFUSAL OF ADVISORY INSTRUCTION TO ACQUIT.

1. Refusal to suppress evidence, alleged to have been obtained under illegal search-warrant, was not available to defendant, as being in violation of Const. U. S., Amend. 4, and Const. Idaho, art. 1, sec. 17, and as compelling accused to be witness against himself, contrary to Const. U. S., Amend. 5, and Const. Idaho, art 1, sec. 13, in view of uncontradicted evidence that defendant had given his consent to officers making search.

2. Search without a warrant, but with owner's consent, is not an unreasonable search, within meaning of constitutional amendment.

3. Giving advisory instruction to acquit, under C. S., sec. 8963, would not have been proper, where evidence was sufficient to sustain verdict of conviction.

APPEAL from the District Court of the Second Judicial District, for Latah County. Hon. Edgar C. Steele, Judge.

---

Publisher's Note.

1. See 8 R. C. L. 194.
2. See 24 R. C. L. 723.

See Criminal Law, 16 C. J., sec. 1110, p. 571, n. 93; sec. 2299, p. 936, n. 75.

Searches and Seizures, 35 Cyc., p. 1266, n. 12 New.

Appellant was convicted of the crime of having intoxicating liquor in his possession.    *Affirmed.*

A. H. Conner, Attorney General, and John W. Cramer, Assistant Attorney General, for Respondent.

The constitution does not prohibit a search and seizure without a warrant, but merely prohibits "unreasonable searches and seizures." (Const., art. 1, sec. 17.)   A search and seizure made without a warrant but with the consent of defendant is not unreasonable. (*McClurg v. Brenton,* 123 Iowa, 368, 101 Am. St. 323, 98 N. W. 881; *Smith v. McDuffee,* 72 Or. 276, Ann. Cas. 1916D, 947, 142 Pac. 558, 143 Pac. 929.)

The giving of an advisory instruction to acquit is a matter of discretion with the trial court and its action in the premises is not reviewable by the supreme court. (*State v. Murphy,* 29 Ida. 42, 156 Pac. 908; *State v. Simpson,* 31 Ida. 591, 173 Pac. 748.)

Robert E. Leitch and F. C. Keane, for Appellant, cite no authorities on points decided.

WILLIAM A. LEE, C. J.—Appellant was convicted of the crime of having intoxicating liquor in his possession and appeals from the judgment of conviction. He assigns as error: (1) That the court erred in overruling his petition for the suppression of evidence secured under an unlawful and void search and seizure; (2) and (3) in permitting the sheriff and deputy sheriff to testify with reference to the facts disclosed by the unlawful and void search and seizure; (4) in permitting the federal prohibition agent to testify to the facts disclosed by the unlawful search and seizure; (5) in permitting the state to introduce exhibits from A to J, inclusive, which comprised the personal property seized by the officers in the course of the alleged unlawful search and seizure, and the arrest of defendant. This personal property consisted of certain articles commonly used in the making of intoxicating liquor, and a quantity

of moonshine liquor together with what appeared to be a mash from which intoxicating liquor might be distilled. (6) That the court erred in refusing to advise the jury to acquit the defendant.

Before trial appellant presented to the district court a petition wherein he prayed for a return of all of these articles of personal property that had been seized, and also, for the suppression of all evidence relating to such seizure by the officers who participated in the search of his premises, and asked the court to prohibit such officers from testifying, on the ground that the search-warrant obtained by the federal prohibition officer had been unlawfully procured from the United States commissioner, because of the fact that the affidavit upon which the search-warrant was issued was not made upon personal knowledge of the officer of the facts alleged in the affidavit, but was upon information and belief; that the search of appellant's premises and residence was unreasonable and in violation of the fourth amendment of the federal constitution, and of art. 1, sec. 17 of the constitution of the state of Idaho; that the use of evidence secured in this manner would compel the accused in a criminal case to be a witness against himself, contrary to the fifth amendment of the federal constitution, and art. 1, sec. 13 of the state constitution. The court denied all of these motions. During the course of the trial appellant renewed these several motions against the admission of all testimony secured by this search and seizure and predicates all of his assignments of error upon rulings of the court in admitting this evidence upon the trial of the cause.

[1] With the exception of the last assignment, the only question presented for determination by this appeal is the refusal of the court to suppress the evidence obtained by the officers in their search of appellant's premises and dwelling-house. We are of opinion that upon this record, the errors complained of are not available to appellant. The sheriff and his deputy both testified that when they arrived at appellant's premises, they went to the house and appellant's wife came to the door and informed them that ap-

pellant was at the barn; that they started toward the barn and met appellant coming to the house; that the sheriff informed appellant he was the sheriff and wanted to search his premises for intoxicating liquor, to which appellant replied: "Go right ahead and help yourself and search the place; it is all right with me," or words to that effect. The officers then described what was done in the course of making this search, and the articles that were seized and either destroyed or taken into custody. These articles comprised all of the exhibits that were offered in evidence, to the admission of which appellant complains. The sheriff's testimony, that he was told by appellant to proceed with the search, is corroborated by the deputy and is not disputed.

It appears to be well settled that one cannot complain of search and seizure where he has given his consent to the search. In *State v. McLennan,* 40 Ida. 286, 231 Pac. 718, it is said:

"This case falls within the rule that one who consents to have his property searched by an officer without a warrant cannot complain that the search was illegal. If officers armed with a search-warrant present it to the owner, or at the home of one accused of crime, and are invited by such person or any one in possession of the premises having authority so to do, to enter under such circumstances that they do not act under the warrant, evidence obtained during the search is not illegally obtained. (24 R. C. L. 723; *Smith v. McDuffee,* 72 Or. 276, Ann. Cas. 1916D, 947, 142 Pac. 558, 143 Pac. 929; *Commonwealth v. Tucker,* 189 Mass. 457, 76 N. E. 127, 7 L. R. A., N. S., 1056.)"

[2] The courts uniformly hold that a search without a warrant, but with the owner's consent, is not an unreasonable search within the meaning of the constitutional amendment. (McFadden on Prohibition, p. 113, sec. 34; *Maldonado v. United States* (C. C. A.), 284 Fed. 853; *Dillon v. United States* (C. C. A.), 279 Fed. 639; *Windsor v. United States* (C. C. A.), 286 Fed. 51; *United States v. Williams,* 295 Fed. 219.)

It does not appear that the search-warrant complained of was in fact served or that the officers at any time in making the search acted under the warrant. No return was made of this warrant and it is clear the search was made upon the invitation of appellant, hence no question regarding the legality of this search and seizure made, or of the admissibility of the evidence obtained thereby, is raised in view of the fact that what was done was with the consent of appellant.

The last assignment that the court erred in not giving the jury an advisory instruction to acquit is without merit. If the evidence obtained by the search and seizure is competent, it raised a sufficient conflict to require the case to be submitted to the jury.

In *State v. Murphy,* 29 Ida. 42, 156 Pac. 908, it is said that after the evidence on either side in a criminal cause is closed, if the trial judge deems it insufficient to warrant a conviction, it is his duty under the provision of C. S., sec. 8963, to advise the jury to acquit the defendant, but that it is not error to refuse to do so. This holding was followed in *State v. Sullivan,* 34 Ida. 68, 17 A. L. R. 902, 199 Pac. 647, and *State v. Chacon,* 36 Ida. 148, 209 Pac. 899.

[3] Having concluded, as we do, that the evidence obtained by the search was not incompetent, because it was made with appellant's consent, there is sufficient evidence to sustain the verdict, and the giving of an advisory instruction would not have been proper. The judgment is affirmed.

Wm. E. Lee and Budge, Givens and Taylor, JJ., concur.