401 P.2d 784

**STATE of Idaho, Plaintiff-Respondent,**

**v.**

**Jack L. PUCKETT, Defendant-Appellant.**

**No. 9496.**

Supreme Court of Idaho.

May 4, 1965.

Allan G. Shepard, Atty. Gen. and Thomas G. Nelson, Deputy Atty. Gen., Boise, Roy E. Mosman, Pros. Atty., Lewiston, for respondent.

———◆———

J. Henry Felton, Lewiston, Idaho, for appellant.

McQUADE, Chief Justice.

On March 24, 1964, a verdict was returned against Jack Lee Puckett on the charge of rape. Judgment of conviction was entered on the 9th day of April, 1964, from which the defendant-appellant, Jack Lee Puckett, appeals. The information for the crime of rape was filed in accordance with I.C. § 18–6101:

"Rape defined.—Rape is an act of sexual intercourse accomplished with a female not the wife of the perpetrator, under either of the following circumstances:

.    *    *    *    *    *    *

"4. Where she is prevented from resistance by threats of immediate and great bodily harm, accompanied by apparent power of execution; or by any intoxicating narcotic, or anaesthetic substance administered by or with the privity of the accused."

The alleged rape took place on November 17, 1963. That evening the prosecutrix was at a laundromat in Lewiston. Having put her laundry in a dryer, she went outside and sat in her car to drink a bottle of "pop". The prosecutrix established this time to be about 10:10 p. m. After sitting for nearly 30 minutes, she was approached by a man dressed in tan pants and a white undershirt, who asked her to accompany him, and upon her refusal forced the prosecutrix into his car at knife point. Driving to a nearby field, the man proceeded to have sexual intercourse with her. The prosecutrix was then returned to the laundromat.

There being no phone at her own home, the prosecutrix called the home of her stepmother. The stepmother went to the laundromat, picked her up, and returning to the former's residence, heard the story, and then, with the father of the prosecutrix, reported the incident to the police. The police were called at 11:30 p. m.

Upon talking to the prosecutrix, the police were taken to the place of the alleged rape, where pictures were taken of automobile tracks found in the soft soil. The ground was deemed to be too soft for the taking of plaster cast imprints.

A medical doctor examined the prosecutrix and found that penetration of the vaginal tract had occurred within the previous two to six hours. Testimony was introduced to establish the prosecutrix and her husband had not had sexual intercourse during the previous 48 hours.

The prosecutrix furnished a description of the automobile to the police as a 1950 or 1951 Oldsmobile, two-door, having a sun visor and with a side window partially missing and that opening covered by cardboard, the car being black in color.

Five days later, on November 22, 1963, an automobile was sighted and identified by the prosecutrix as the automobile driven by the perpetrator. A partial license number was acquired, being Idaho license N 12 2—. At this time the color was noted to be dark blue.

The same day Edward Lucas, with the Lewiston Police Department, went to the residence of Jack Lee Puckett and asked him to come to the police station. After this time an automobile was stopped, a 1951 Oldsmobile, Idaho license N 12 290, being driven by Darrell Puckett, brother of the appellant. The automobile was escorted to the police station, where pictures were taken of the exterior and the treads of the tires. Arrest of the defendant was made on the 28th day of November, shortly after midnight by Lt. Schwartzkopf and Officer Fannan. At the trial the prosecutrix identified the defendant as her assailant.

█ The pictures taken of the tracks found at the point of the alleged rape were admitted into evidence as State's Exhibits 12, 13, 14 and 15. Officer Fannan, who took the pictures, testified to their representations as imprints of a right front tire, left front tire, left rear tire and right rear tire, respectively. Fannan further testified that while the two front tires left clear impressions, the two rear tires were half worn, though possessing some tread.

State's photo Exhibits 8, 9, 10 and 11 were identified and admitted into evidence as the pictures showing the four tires on the Puckett automobile. State's Exhibits 10 and 11 represent the right rear and left rear tires, respectively, of the Puckett automobile and show no tread design. Edward Lucas testified that there was tread on each of the tires. There was no error by the trial court in admitting Exhibits 8, 9, 12 and 13, there being sufficient similarity to entitle them to consideration by the jury.

Appellant Jack Lee Puckett contends that he was in another place at the time the crime was committed. At trial it was shown that appellant and his wife had been hunting the day of the alleged rape and upon returning to Lewiston, the couple had stopped at the home of appellant's mother in Clarkston, Washington, leaving about 10:15 or 10:20 p. m. At that time appellant was dressed in hunting clothes. Appellant and his wife were together for the remainder of the night and both alleged that neither left during the period in question.

Six assignments of error are specified by the appellant.

█ Three of the six assignments are predicated upon failure of the trial court to submit certain instructions to the jury. The first assignment of error is the re-.

**550**

fusal to grant defendant's motion for an advisory verdict of acquittal based upon the insufficiency of the evidence and the failure of corroboration.

Advisory verdicts of acquittal are provided by statute, I.C. § 19-2123, as follows:

"Advisory instruction to acquit.— If, at any time after the evidence on either side is closed, the court deems it insufficient to warrant a conviction, it must advise the jury to acquit the defendant. But the jury are not bound by the advice."

In the case of State v. Powaukee, 78 Idaho 257, 261, 300 P.2d 488, 490 (1956), the court has said:

" * * * 'Where there is no evidence on which to base a verdict of guilty, it is still the right and duty of the trial court, upon proper motion, to direct an acquittal. * * * Where, however, the evidence is merely insufficient, the court must then advise the jury to acquit, which advice the jury is not bound to follow.' "

See also State v. McCallum, 77 Idaho 489, 295 P.2d 259 (1956). Giving of the instruction authorized by this section is a matter of discretion with the trial court and its action in the premises is not reviewable by the Supreme Court. See State v. Haverly, 4 Idaho 484, 42 P. 506 (1895).

It was not error for the court to refuse to instruct the jury to acquit the defendant. State v. Stevens, 48 Idaho 335, 349, 282 P. 93 (1929); State v. West, 42 Idaho 214, 245 P. 85 (1926); State v. Chacon, 36 Idaho 148, 209 P. 889 (1922); State v. Sullivan, 34 Idaho 68, 199 P. 647, 17 A.L.R. 902 (1921); State v. Murphy, 29 Idaho 42, 156 P. 908 (1916); State v. Wright, 12 Idaho 212, 85 P. 493 (1906).

The third assignment of error is the refusal to give three requested instructions. The first of these is for a cautionary instruction.

"DEFENDANT'S REQUESTED INSTRUCTION NO. 1.

"A charge such as that made against the defendant in this case is one, which, generally speaking, is easily made, and once made, difficult to disprove even if the defendant is innocent. From the nature of a case such as this, the complaining witness and the defendant usually are the only witnesses. Therefore I charge you that the law requires that you examine the testimony of the prosecuting witness with caution."

The appellant cites State v. Elsen, 68 Idaho 50, 187 P.2d 976 (1947). At page 57, 187 P.2d at page 980, the court stated that:

" * * * Such instructions state no rule of law, but simply embody the

oft-repeated observation of Lord Hale to the effect that it is an accusation easily to be made and hard to be proved, and harder to be defended by the party accused, though never so innocent. It has been said that such an instruction invades the province of the jury, who are the sole judges of the facts and the weight to be given the evidence. [Citing cases.] We are inclined to agree with the reasoning of these cases, and believe that ordinarily cautionary instructions would add undue emphasis to the instructions on reasonable doubt and presumption of innocence which would have the practical effect of misleading the jury.

"It seems that in most jurisdictions where cautionary instructions are held proper, the defendant can be convicted upon the uncorroborated testimony of the prosecutrix alone. However, we recognize that there may be certain instances where the nature of the evidence may be such that cautionary instructions might not be inappropriate, and we therefore believe that the giving of such instructions, if request is made therefor, should rest within the sound discretion of the trial court."

See also State v. Madrid, 74 Idaho 200, 259 P.2d 1044 (1953). Respecting the discretion of the trial court, the intelligence and province of the jury, we conclude that the refusal to grant the cautionary instruction was proper.

■ Two other instructions requested by the appellant and refused by the court were covered by the trial judge. The two instructions are:

"DEFENDANT'S REQUESTED INSTRUCTION NO. 2.

"You are instructed, that unless you find that the testimony of * * * [the prosecutrix] has been corroborated by substantial evidence of the crime charged, her evidence alone is insufficient to warrant a conviction of the defendant."

"DEFENDANT'S REQUESTED INSTRUCTION NO. 3.

"You are instructed, that in this case, if the testimony of * * * [the prosecutrix] is not corroborated by other evidence as to what transcribed [sic], at the immediate time and place of the charged offense, it is insufficient upon which to found a conviction."

The instructions given by the trial court covered the matter of corroboration:

"INSTRUCTION NO. 4.

"GENTLEMEN OF THE JURY:

You are instructed that you cannot find the defendant guilty of rape based upon the testimony of the prosecutrix alone unless the circumstances sur-

## 552

rounding the commission of the offense are clearly corroborative of her statements."

"INSTRUCTION NO. 5.

"YOU ARE INSTRUCTED that by 'corroboration' is meant evidence other than that of the prosecutrix which, in itself and without the aid of her testimony, tends to connect the accused with the commission of the offense."

In the case of State v. Elsen, supra, the court examined at length the cases dealing with the required corroboration of testimony of the prosecutrix in a rape case. At page 54 of 68 Idaho, at page 978 of 187 P. 2d the court summarized the test of corroboration as:

"Aside from instances where the testimony of the prosecutrix is obtained through fear, threats, coercion or duress, the law stated in the foregoing cases may be summarized to this effect: If the character or reputation of the prosecutrix for truth and chastity is unimpeached, and her testimony is not contradictory nor inconsistent with the admitted facts of the case, and is not inherently improbable nor incredible, there can be either direct evidence corroborating her testimony, or evidence of surrounding circumstances clearly corroborating her statements. Either will suffice. If, however, her character or reputation for truth and chastity, or either, is impeached, or her testimony is contradictory or is inconsistent with the admitted facts of the case, or is inherently improbable or incredible, then there must be direct evidence corroborating her testimony."

See also State v. Tope, 86 Idaho 462, 387 P.2d 888 (1963); State v. Madrid, supra.

While the requested instructions may state the law, it is not error to refuse to give a requested instruction where the subject matter has been covered by the instructions given by the trial court. State v. Nesbitt, 79 Idaho 1, 310 P.2d 787 (1957); State v. Hewitt, 73 Idaho 452, 254 P.2d 677 (1953); and State v. Newman, 70 Idaho 184, 214 P.2d 159 (1950).

■ The sixth assignment of error is the failure to instruct the jury fully upon the matter of circumstantial evidence and especially in failing to instruct the jury that:

"' * * * the circumstances must be consistent with the guilt of the defendant and inconsistent with his innocence, and incapable of explanation on any other reasonable hypothesis than that of guilt.'" State v. Davis, 69 Idaho 270, 272, 206 P.2d 271, 273 (1949).

I.C. § 19-2132 states:

"Instructions to jury—Requests.—In charging the jury, the court must state

to them all matters of law necessary for their information. Either party may present to the court any written ·charge and request that it be given. If the court thinks it correct and pertinent, it must be given; if not, it must be refused. Upon each charge presented and given or refused, the court must indorse and sign its decision. If part be given and part refused, the court must distinguish, showing by the indorsement what part of the charge was given and what part refused."

It is worthy of note that the instruction now submitted to the court was not requested at the time of trial. No request had been made for an instruction on circumstantial evidence. In the case of State v. Patterson, 60 Idaho 67, 88 P.2d 493 (1939), the court on appeal was confronted with a failure of the trial court to instruct as to general principles of law pertinent to the case, whether requested to do so or not, and that failure to do so was prejudicial error. The attorney general therein admitted prejudicial error on this point and in doing so quoted from People v. Curran, 24 Cal.App. 2d 673, 75 P.2d 1090:

" 'Although it is not the duty of the court to give instructions to the jury upon specific points developed by the evidence unless such instructions are requested, it is nevertheless the duty of

the court in criminal actions to give to the jury instructions on the general principles of law pertaining to the case on trial.' " State v. Patterson, supra, 60 Idaho at page 77, 88 P.2d at page 497.

The court further stated:

"Undoubtedly it was the intention of the legislature in enacting sec. 19–2032 [19–2132] to charge the judge with the duty of instructing the jurors on what he believes to be 'matters of law necessary for their information', and to permit counsel to request instructions on particular points which they have reason to believe will not be covered unless request therefor be made." State v. Patterson, supra, at page 78, 88 P.2d 497.

See also State v. Blacksten, 86 Idaho 401, 387 P.2d 467 (1963); State v. Freeman, 85 Idaho 339, 379 P.2d 632 (1963); State v. Craner, 60 Idaho 620, 94 P.2d 1081 (1939).

The evidence relied upon by the prosecution is in the nature of direct evidence, not circumstantial. We do not see the pertinence of an instruction on circumstantial evidence unless requested. In the absence of a requested instruction, we find no prejudicial error.

■ The fifth assignment of error is allowing in evidence conversations or the summarization of conversations had out of

the hearing of the defendant. The following cases hold that admission of such evidence, unless res gestae, is prejudicial error: State v. McConville, 82 Idaho 47, 349 P.2d 114 (1960); State v. Proud, 74 Idaho 429, 262 P.2d 1016 (1953); Quillin v. Colquhoun, 42 Idaho 522, 247 P. 740 (1926).

This court has had before it the question now presented. In the case of State v. Hall, 88 Idaho 117, 397 P.2d 261 (1964), where the prosecutrix made statements to her sister following an assault, this court stated:

"* * * The prosecutrix testified to the conversation she had with her younger sister, over the defendant's objection that such testimony was hearsay for there was no showing that the defendant was present. The ruling of the trial court admitting this testimony was correct, because it was so closely connected with the alleged criminal acts as to constitute it as a part of the res gestae and thereby admissible under that exception to the hearsay rule. State v. Breyer, 40 Idaho 324, 334, 232 P. 560."

The period of time between the alleged act and the statements of the prosecutrix to her stepmother and the police officers as to that act were so closely connected in time as to allow their admission without prejudicial error.

■ The fourth assignment of error is the refusal to grant a mistrial or to fully and forcefully instruct the jury to disregard the testimony elicited from Officer Jack Fannan:

"Q And what did you do?

"A Advised Mr. Puckett he was under arrest on the authority of the warrant, charge of rape.

"Q Did you demonstrate the warrant to him?

"A Yes, sir.

"Q Did he have an opportunity to see it and read it?

"A Lt. Schwartzkopf handed him the warrant and complaint at the same time.

"Q Did he say anything at that time?

"A Yes, sir.

"Q What was it?

"A He stated that this couldn't possibly be right, that he was already out on bond for a charge similar to that in Washington.

"MR. FELTON: If the Court please, now we have brought in an improper matter and ask that the jury again be admonished. We are trying one case, not two. I ask that this be stricken from the record and the Prosecuting Attorney admonished and the jury admonished.

"THE COURT: · The objection will be overruled."

This court will not consider the assignment of the failure to call a mistrial. The appellant failed to ask for a mistrial at any time during the course of the trial. The question of mistrial should have been raised at the time that the claimed improper evidence was introduced. Counsel's failure to ask for mistrial, in the form of motion, precludes this court from reviewing the discretion of the trial court in not so ruling.

An examination of the record indicates that the essence of appellant counsel's statement was a motion to strike and a request for an instruction to disregard. The court overruled the objection where properly the motions should have been denied. Counsel for the appellant failed to go further, to indicate to the trial court the specific grounds for the motions, but merely indicated that the statements were on an improper matter.

■ However, the absence of an instruction on the admission of improper evidence does not, of itself, constitute reversible error. In the case of State v. Marren, 17 Idaho 766, 790, 107 P. 993, 1001 (1910), the court said:

"Rev.Codes, sec. 8070 [19–2819] admonishes this court: 'After hearing the appeal, the court must give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties.' And, again, Rev.Codes, sec. 8236 [19–3702]: 'Neither a departure from the form or mode prescribed by this Code in respect to any pleading or proceeding, nor an error or mistake therein, renders it invalid, unless it has actually prejudiced the defendant, or tended to his prejudice in respect to a substantial right.' The substance of these statutory provisions [is] that a new trial ought never to be granted, notwithstanding some mistake or even misdirection by the judge, provided the revisioning court is satisfied that justice has been done and that upon the evidence no other verdict could properly have been found."

In the case of State v. Ward, 51 Idaho 68, 1 P.2d 620 (1931), a dissenting opinion by Budge restated the law:

"* * * This court has repeatedly held that a new trial ought never to be allowed notwithstanding some mistake or even misdirection by the judge, provided the reviewing court is satisfied that justice has been done and that, upon the evidence, no other verdict could properly have been found. [Cases cited] This rule is based on legislative enactment (C.S., secs. 9084, 9191 [19–2819, 19–3702] ), and it is our duty to give to the statutes the effect

intended by the legislature. These statutes were clearly intended to avoid the many miscarriages of justice occasioned by the strict adherence to the old rule of presumption that any error is prejudicial. [Citing cases] In my opinion, in refusing to heed these enactments, the court has taken a backward rather than a forward step in the efficient enforcement of our criminal statutes." At page 80, 1 P.2d at page 624.

A review of the record leads this court to invoke the interpretation of State v. Marren, supra, and dissenting opinion in State v. Ward, supra, in determining that the findings of the jury would not be prejudicially affected by the inclusion of the improper evidence.

The second assignment of error, and the last to be considered, is the refusal to grant a new trial. All elements of the motion for new trial have been considered by the assignments of error previously stated, with the exception of the asserted insufficiency of the evidence to corroborate the testimony of the complaining witness. We find the corroborating evidence sufficient.

The judgment is affirmed.

McFADDEN, TAYLOR, SMITH and KNUDSON, JJ., concur.