468 P.2d 320

The STATE of Idaho, Plaintiff-Appellant,

v.

D. Spencer GROW, Horace E. Hayes, and Dwaine A. Knigge, Defendants-Respondents.

No. 10329.

Supreme Court of Idaho.

April 22, 1970.

Ellison M. Matthews, Pros. Atty. for Ada County and Sp. Asst. Atty. Gen., Boise, for appellant.

Roberts & Poole, Boise, for respondent Grow and William C. Roden, Boise, for respondent Knigge.

Horace E. Hayes, pro se.

DONALDSON, Justice.

This appeal is brought by the State of Idaho pursuant to subdivision 5, I.C. § 19–2804 [1] and I.C. § 19–2808.[2]

In September, 1967, the defendants, D. Spencer Grow, Alexander H. Walker, Jr., Horace E. Hayes and Dwaine A. Knigge were charged by indictment with the crime of Falsification of Corporate Books and Records pursuant to I.C. § 18–1905 [3] in that they represented that their corporation was in a more favorable financial position than it actually was in fact by the debiting and crediting of certain accounts. The majority of unlawful acts complained of in the 23 count indictment concern the alleged entry of substantial amounts of money to the various "income accounts" of the corporation when such entries were not in fact "income" to the corporation. Thus it is the state's contention that such entries were made "willfully, unlawfully, feloniously, and with intent to defraud."

Prior to trial, defendant Alexander H. Walker, Jr. was dismissed as a party defendant and testified for the state at the time of trial.

Following the presentation of the state's case-in-chief, the district court granted the defendants' motion for an "advisory in-

---

1. "19–2804. Appeal by state.—An appeal may be taken by the state:
   1. From a judgment for the defendant on a demurrer to the indictment or information.
   2. From an order granting a new trial.
   3. From an order arresting judgment.
   4. From an order made after judgment affecting the substantial rights of the prosecution.
   5. From any ruling of the trial judge during the course of the trial on the receipt or rejection of testimony, and from any ruling of the trial judge on the giving or refusal to give instructions to the jury."

2. "19–2808. Effect of appeal by state.— An appeal taken by the state in no case stays or affects the operation of a judgment in favor of the defendant, until the judgment is reversed: provided, that when an appeal is taken by the state on any grounds stated in the fifth subdivision of section 19–2804, the decision on appeal shall be for the future guidance of courts only and shall in no way affect a judgment in favor of the defendant."

3. "18–1905. Falsification of corporate books.—Every director, officer or agent of any corporation or joint stock association who knowingly receives or possesses himself of any property of such corporation or association otherwise than in payment of a just demand, and who, with intent to defraud, omits to make, or to cause or direct to be made, a full and true entry thereof in the books or accounts of such corporation or association, and every director, officer, agent or member of any corporation or joint stock association who, with intent to defraud, destroys, alters, mutilates or falsifies any of the books, papers, writings or securities belonging to such corporation or association, or makes or concurs in making, any false entries, or omits or concurs in omitting to make any material entry in any book of accounts, or other record or document kept by such corporation or association, is punishable by imprisonment in the state prison not less than three nor more than ten years, or by imprisonment in a county jail not exceeding one year or a fine not exceeding $500.00, or by both such fine and imprisonment."

struction to acquit."[4] The jury followed the district court's advice and the state has appealed from the order granting the defendants' motion for an advisory instruction to acquit.

The first issue to consider is the question of the appealability of the order made by the district court which granted the defendants' motion for an advisory instruction to acquit. The first case in Idaho in which the Supreme Court considered this issue was State v. Haverly, 4 Idaho 484, 42 P. 506 (1895). In that case the district court refused to give an advisory instruction to acquit and the defendant appealed assigning this as error. While the error assigned was the failure to give an advisory instruction to acquit the court in holding that the action of the district court was proper stated:

"The giving of such instruction is a matter of discretion with the trial court, and its action is not reviewable here." 4 Idaho 484 at 485, 486, 42 P. 506 at 506 (1895).

Subsequent Idaho cases have applied this rule in cases in which the trial court gave an advisory instruction to acquit stating that it was within the discretion of the trial court and one upon which error cannot be predicated.[5] In State v. Hanson, *supra,* the state appealed from the ruling of the trial judge advising a verdict of acquittal and this Court held:

"The provision of subdivision 5 for appeal from any ruling of the trial judge on the giving or refusal to give instructions to the jury does not apply to the advisory instruction mentioned above. Giving or refusing to give such instruction being a matter in the discretion of the trial court and one upon which error

cannot be predicated, no appeal lies from the action of the court in giving or refusing to give such instruction." 37 Idaho 734 at 736, 219 P. 1062 at 1062 (1923).

After a careful evaluation and analysis of the cases it is the opinion of this Court that there is no basis or valid reason for holding that the giving of an "advisory instruction to acquit" is non-appealable where the state wishes to appeal for future guidance only.

There are two reasons for this Court's decision. First, this Court's decisions in the cases appealed will give the prosecuting attorneys guide lines with which to determine in future cases whether or not there is sufficient evidence to file an information against an accused. This will save time and expense to the counties and to the state and will protect those unjustly accused of a criminal act. Second, a decision on an appeal may well point out any loopholes in the state's criminal statutes which allow a criminal to go unpunished and which could be remedied by appropriate legislative action if called to the legislature's attention.

■ We, therefore, declare that where the trial court has granted defendants' motion for an advisory instruction to acquit and the jury heeds such advice, thereby acquitting the defendant, the granting of the motion for an advisory instruction to acquit may be the basis of an appeal by the state to this Court. All prior decisions inconsistent with this opinion are hereby overruled,[6] but only to the extent of their inconsistency on this particular point.

■ Before passing upon the substantive issue raised by this appeal, we feel it necessary to clarify the duty of the trial

4. "19-2123. Advisory instruction to acquit.—If, at any time after the evidence on either side is closed, the court deems it insufficient to warrant a conviction, it must advise the jury to acquit the defendant. But the jury are not bound by the advice."

5. State v. Hanson, 37 Idaho 734, 219 P. 1062 (1923). Also in accord, State v.

Conner, 59 Idaho 695, 89 P.2d 197 (1939); State v. Murphy, 29 Idaho 42, 156 P. 908 (1916); State v. Urie, 92 Idaho 71, 437 P.2d 24 (1968); State v. Puckett, 88 Idaho 546, 401 P.2d 784 (1965).

6. See footnote 5.

court with respect to the giving of an "advisory instruction to acquit" [7] as contrasted with its duty to "direct a verdict of acquittal." These two instructions are not to be confused and the giving of one and not the other is dependent upon the quantum of evidence produced at trial. The case of State v. McCarty, 47 Idaho 117, 272 P. 695 (1928) considered the difference between the two matters. At common law (which is still in effect in Idaho [8]) where there was *no* evidence on which to base a verdict of guilty, it was, and still is, the duty of the trial court, upon proper motion, to *direct* an acquittal. The effect of a statute [9] which bestows a duty on the trial court to *advise* the jury to acquit the defendant if the court deems the evidence insufficient to warrant a conviction, is to *limit the power of the trial court to direct acquittal but not to abolish it.* State v. McCarty, *supra,* at 118, 272 P. at 695; see also, State v. Gish, 87 Idaho 341, 393 P.2d 342 (1964). Montana enacted an identical statute and endorsed the distinction between the two instructions as made above. State v. Welch, 22 Mont. 92, 55 P. 927 (1899); State v. Foster, 26 Mont. 71, 66 P. 565 (1901). Thus where there is no evidence upon which to base a conviction, the judge must direct the jury to acquit. However where there is evidence, but in the judge's opinion, an insufficient amount of it upon which to base a conviction, the judge must advise the jury to acquit. The distinction turns on the quantum of evidence produced.

■ The state also alleges as error, that the trial court did not permit the jury to take the exhibits (documentary evidence) together with necessary instructions into the jury room and thus the jury was prevented from effectively exercising its function. However it appears that no objection was made at trial, no requested instructions presented to the court, and no request made to allow the jury to take the exhibits into the room when they were deliberating.

In a proper case it would be wise to permit the jury to scrutinize the exhibits since ofttimes the exhibits are an invaluable aid to the jury's deliberations. However in the case at bar the exhibits were numerous and of a highly complex and intricate nature consisting of various corporate account books, ledgers, vouchers, and records. Indeed exposure to such voluminous and complicated exhibits could have easily confused the jury and thus impaired its functioning. Furthermore there was ample evidence (direct testimony) presented by the state which epitomized the exhibits in question. The testimony of the comptroller (quoted later in this opinion) sums up the data contained in the exhibits.

As heretofore stated, no request or motion was made by the prosecution that the jury take the exhibits with them while they deliberated. In the absence of such request or motion, the Supreme Court will not now review this issue on appeal. State v. Ashby, 40 Idaho 1, 230 P. 1013 (1924); State v. Flitton, 52 Idaho 374, 15 P.2d 397 (1932); cf. State v. Hall, 86 Idaho 63, 383 P.2d 602 (1963); State v. Larsen, 81 Idaho 90, 337 P.2d 1 (1959); State v. McKeehan, 91 Idaho 808, 430 P.2d 886 (1967). This situation is also analogous to cases where the defendant asserts as error on appeal the failure of the trial court to give certain instructions upon particular points of law where no requests have been made. In such cases this Court has stated many times that it will not entertain an appeal based on this ground. State v. Linn, 93

---

7. See footnote 4.

8. "73–116. Common law in force.—The common law of England, so far as it is not repugnant to, or inconsistent with, the constitution or laws of the United States, in all cases not provided for in these compiled laws, is the rule of decision in all courts of this state."

9. Idaho Compiled Statutes, § 8963 (*identical* to the present Idaho Statute, see footnote 4).

"Advisory instruction to acquit. If, at any time after the evidence on either side is closed, the court deems it insufficient to warrant a conviction, it must advise the jury to acquit the defendant. But the jury are not bound by the advice."

Idaho 430, 462 P.2d 729 (1970); State v. Patterson, 60 Idaho 67, 88 P.2d 493 (1939).

█ We turn now to the issue of whether or not the trial court erred in granting the defendants' motion for an advisory instruction of acquittal. As heretofore stated the granting of such an advisory instruction depends on there being an insufficiency of evidence upon which to base a conviction. A review of the evidence presented at trial shows that it was insufficient to sustain a conviction under the Idaho statute. The particular transactions complained of are the following: (1) the addition or injection of $525,720.21 of capital consisting of real property into the corporation. This injection of capital was reflected on the corporate books as a debit to the account "Real Estate Owned." (2) Subsequently $175,000.00 of this was credited to the account "Other Fees and Income" and dividends were paid to the shareholders out of this $175,000.00 fund which was not in fact "income." The "purpose" of the $175,000.00 credit to the account entitled, "Other Fees and Income" was noted on the corporate books as "To reflect injected capital taken into income to offset dividends."

The state contends it was an improper accounting procedure to have credited the "Income account" with injected capital. Thus, the state argues, the entries heretofore described are false. However the record indicates that the transactions complained of were in fact accurate reflections of the events which occurred. The following testimony was given by the comptroller of the corporation who was called as a witness by the prosecution:

"Q: Would you open journal voucher 288 * * * (Plaintiff's ex. 3) Does that voucher show the $175,-000.00 which went into reserves for bad debts came from injected capital?

A: It does.

Q: Did it in fact come from injected capital?

A: It did.

Q: Is that journal voucher an accurate record of what you did at that time?

A: It is.

Q: And does it accurately reflect the transaction of the corporation at that time?

A: Yes.

Q: It is, in fact, a true entry?

A: Yes.

Q: It is not a false entry is it?

A: Not as far as it is made.

Q: And now was the combined record that followed it a false entry?

A: No.

*     *     *     *     *     *

"Q: You had knowledge of this injected capital * * *

A: I did.

Q: When you made this entry you were careful to reflect on the face of it the source of this money?

A: Right.

Q: You would not have made the entry unless it accurately reflected the transaction?

A: Right."

It is evident that the corporate books and records did in fact accurately reflect the transactions which occurred. The Supreme Court of Arizona considered a similar problem in State v. Heron [10] and articulated the issue to be decided as follows: "Does the truthful entry of a

10. 94 Ariz. 81, 381 P.2d 764 (1963). The facts in the Heron case were as follows: The defendants as agents of a savings and loan association had deposited checks in the association's account just prior to the end of the year to enhance the association's financial position in reports which were due to be filed with the Superintendent of Banking. These checks were knowingly drawn on insufficient funds. The state charged that the corporate bookkeeping records showing these deposits were false. Defendant was charged under an Arizona statute similar to I.C. § 18–1905.

fraudulent transaction constitute a false entry within the meaning of the statute?" 94 Ariz. 81 at 85, 381 P.2d 764 at 767 (1963). That court then decided "Logic as well as the authorities requires that this question be decided in the negative." Id. at 85, 381 P.2d at 767. It also reasoned that an entry of that which has actually been done by corporate officers and agents is not a false entry and that a recital on the books which speaks the truth cannot be a false entry. Where an entry reflects what has actually taken place it is not false. Coffin v. U. S., 156 U.S. 432, 15 S.Ct. 394, 39 L.Ed. 481 (1895); Twining v. United States, 141 F. 41 (3d Cir. 1905); People v. Lasker, 105 Cal.App. 1, 286 P. 703 (1930).

The trial court did not err in granting the defendants' motion for an advisory instruction to acquit since the elements of the crime which the state "proved" were not sufficient in law to warrant a conviction.

The advisory instruction to acquit given by the district court is approved.

McFADDEN, C. J., McQUADE and SPEAR, JJ., and OLIVER, D. J., concur.