WILLIAM JACKSON, Plaintiff in Error, *v.* THE PEOPLE, Defendants in Error.

ERROR TO COOK.

In an indictment for murder, the omission of the word "there," after the words "then and," in that part of it which charges the felonious assault, is immaterial, where the averment of the place is found in the same connection, and is necessarily referred to.

It is not erroneous, after a change of venue, upon a conviction for murder, to order that the prisoner remain in the jail of the county where he is convicted, and where the sentence of death, which is the punishment, is to be imposed.

THE indictment of the plaintiff in error, for the murder of Roman Morris, was found in the county of Lake. He was tried and convicted by a jury of that county.

The court awarded him a new trial, and, at his instance, the venue was changed to Cook county. The cause was tried by a jury in the Cook circuit court, at the March term, 1857, and the jury found the defendant guilty in manner and form as charged in the indictment.

The defendant moved in arrest of judgment, and also for a new trial, both of which motions were overruled, and judgment was pronounced against the prisoner, upon the verdict aforesaid, which judgment is in these words:

"That the said defendant, William Jackson *alias* David Jones, be, by the sheriff of Cook county, taken from the bar of this court to the common jail of Cook county, from whence he came, and from thence, *on the fourteenth day of May next, between the rising of the sun and the going down thereof, to the place of execution, and that he be then and there hung by the neck until he is dead*," etc.

The defendant sued out a writ of error and obtained a supersedeas from this court, and now assigns for error, in substance, the insufficiency of the indictment; the insufficiency of the verdict; the insufficiency of the judgment.

The ground on which this court granted a supersedeas was the omission of the words "*of which*" (mortal wounds the said Roman Morris died), and which omission would leave it uncertain whether the said Morris was killed by the blows of the prisoner, or died a natural death.

The record upon which said supersedeas was granted did show this omission; but the state's attorney has procured the original indictment, certified by the judge of the Cook circuit court, which is ready for the inspection of the court, and shows that the words "*of which*" were in said original indictment. The indictment is as follows:

"The grand jurors chosen, selected and sworn, in and for

the county of Lake, in the State of Illinois, in the name and by the authority of the State of Illinois, upon their oaths, present, that William Jackson *alias* David Jones, late of said county, on the fourth day of August, in the year, etc., at the county aforesaid, in and upon one Roman Morris in the peace of the said people, then and there being, did, then and there, unlawfully, feloniously, willfully and of his malice aforethought, make an assault, and that the said William Jackson *alias* David Jones, with a certain stick, of the length of three feet and of the thickness of three inches, which he, the said William Jackson *alias* David Jones, in his hands then and there had and held, in and upon the right side of the head, and the right jaws, and in and upon the back of the neck and spine of him, the said Roman Morris, did, then and there, unlawfully, feloniously, willfully and of his malice aforethought, strike, beat and wound, giving to the said Roman Morris, then and with the stick aforesaid, several mortal wounds and bruises, of which said mortal wounds and bruises he, the said Roman Morris, on the day and year last aforesaid, at the county aforesaid, died.

"And so, the grand jurors aforesaid, upon their oaths aforesaid, do say, that the said William Jackson *alias* David Jones, him, the said Roman Morris, in manner and form aforesaid, on the day and year last aforesaid, at the county aforesaid, unlawfully, feloniously, willfully and of his malice aforethought, did kill and murder, contrary," etc., etc.

The instructions given, on the part of the People, by MANIERRE, Judge, who tried the case, are as follows:

"Murder is the unlawful killing of a human being in the peace of the people, with malice aforethought, either express or implied by law.

"Malice includes not only anger, hatred and revenge, but every other unlawful and unjustifiable motive.

"Malice is not confined to ill will toward an individual, but is intended to denote an action flowing from any wicked and corrupt motive—a thing done with a wicked mind, where the fact has been attended with such circumstances as evince plain indications of a heart regardless of social duty, and fatally bent on mischief; hence malice is implied from any deliberate or cruel act against another, however sudden, which shows an abandoned and malignant heart.

"If the jury shall find, from the evidence, that the killing of Roman Morris has been proved as charged, then any defense which the defendant may rely upon in justification or excuse of the act, or to reduce the killing to the grade of manslaughter, it is incumbent on the defendant satisfactorily to establish such defense, unless the proof thereof arise out of the evidence produced against him."

The People ask these instructions: "If the killing of the person mentioned in the indictment be satisfactorily shown, beyond all reasonable doubt, to have been the act of the defendant, then the law pronounces it murder, unless the defendant has shown, or it appears by the evidence for the people, that circumstances existed excusing or justifying the act, or mitigating it so as to make it manslaughter. Rev. Stat. 1845, p. 157, Sec. 40.

"If the jury believe, from the evidence, that the defendant killed Roman Morris, and, as charged, under circumstances showing no considerable provocation, but showing an abandoned and malignant heart on the part of the defendant, the law pronounces it *murder*. Rev. Stat. 1845, p. 155, Sec. 24.

"If the killing is shown, by the evidence, to have been the act of the defendant, as charged, and if the jury believe, also, that the defendant did not intend to kill, but only to disable the deceased, so that he might feloniously possess himself of money or property on the person of the deceased, it is murder. Rev. Stat. 1845, p. 155, Sec. 28.

"The law presumes that a person intends all the natural, probable and usual consequences of his acts; that when one person assails another violently, with a dangerous weapon likely to kill, not in self-defense, and not in a sudden heat of passion, caused by a provocation apparently sufficient to make the passion irresistible or involuntary, and the life of the party thus assailed is actually destroyed in consequence, then the legal and natural presumption is, that death or great bodily harm was intended; in which case the law implies malice, and such killing would be murder.

"It is the duty of the jury to treat and consider any confessions proven to have been made by the defendant precisely as any other testimony; and hence, if the jury believe the whole confession to be true, they will act upon the whole as truth. But the jury may believe that which charges the prisoner, and reject that which is in his favor, if they see sufficient grounds in the evidence, or, in any inherent improbability in the statement itself, the jury are at liberty to judge of it like other evidence, by all the circumstances of the case.

"No provocation by words only, however opprobrious, will mitigate an intentional killing so as to reduce the killing to manslaughter.

"And although the jury may believe, from the evidence, that opprobrious epithets were used by the deceased to the defendant, yet if the jury further believe, from the evidence, that the defendant immediately revenged himself by the use of a dangerous and deadly weapon, in a manner likely to cause the death of Roman Morris, and did thereby cause his death,

as charged, then the defendant is guilty of murder, and the jury ought so to find.

"A reasonable doubt requires, in law, that there should be more than a bare *possibility* of the defendant's innocence, but a *reasonable doubt* grows out of the unsatisfactory nature of evidence—such a doubt as would induce a reasonable man to say, '*I am not satisfied that the defendant is guilty.*' 3 Gilm., R. 661, bottom paragraph.

"A *reasonable* doubt is not such a doubt as requires the ingenuity of a man's mind to invent, or an *effort* or *search* to find. It is not such as may be made to appear by *imagining* the *possible* existence of facts not proved. But a *reasonable* doubt is only such as arises upon consideration of all the facts which are actually in proof, and because of which the mind, acting reasonably, is still unsatisfied of the guilt of the party charged with the offense."

C. A. PARKS, for Plaintiff in Error.

CARLOS HAVEN and W. BUSHNELL, for The People.

SKINNER, J. This was an indictment for the murder of Roman Morris, in the county of Lake. The prisoner was tried in that county, and found guilty as charged. The court, on application of the prisoner, granted a new trial, and changed the venue to the county of Cook, where a second trial was had, and a verdict found of "Guilty in manner and form, as charged in the indictment." The court overruled a motion for a new trial, a motion in arrest of judgment, and sentenced the prisoner to death, upon the verdict. On application to this court for a supersedeas upon the record, the court discovered no cause for awarding it, except that the indictment did not show, with sufficient certainty, that the wounds inflicted caused the death, and for this reason the supersedeas was awarded. The corrected record shows that this defect does not exist, and avoids the objection. It is, however, insisted that the indictment is bad, because it does not clearly show in what county the mortal wounds were inflicted, and that the verdict is insufficient to justify the sentence of death. There can be no question upon either of these points. The indictment charges the prisoner with a felonious homicide, and the verdict finds him "Guilty, in manner and form, as charged;" and the averments of the indictment as to the venue, or county where the crime was committed, are clear and certain. The omission of the word "there," between the words "did, then and there, unlawfully, feloniously, willfully, and of his malice aforethought, strike, beat and wound, giving to the said Roman

Morris, then and," and the words "with the stick aforesaid," is immaterial; the averment of the *place* being in the same connection, and to which the latter words necessarily refer.

It is objected, that a part of the punishment imposed by the sentence is imprisonment in the common jail of Cook county, when, if imprisonment is to follow from conviction, it should be in the county where the crime was committed.

Death is the punishment provided by law for murder, and the custody of the prisoner by the sheriff of Cook county, upon whom the law imposed the duty of executing the sentence, was a necessary incident to and not the punishment imposed.

The 14th Sec., Chap. 105, Rev. Stat., has no application to this case.

The instructions on the part of the People correctly state the law, and those asked by the prisoner were given.

The evidence unquestionably sustains the verdict.

The prisoner's counsel have urged, with great ability, every possible objection to the record of this conviction; but we do not deem it important, in a public point of view, to enter upon a more lengthy or critical investigation of the objections raised.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*