### J. E. Elliott v. The State.

No. 9950.   Delivered April 15, 1926.

Rehearing denied State, June 23, 1926.

**1.—Assault to Murder—Charge of Court—Held Proper.**

Where, on a trial for an assault to murder, the evidence of the state alone raises that issue, it is proper practice to so charge the jury, without regard to the evidence of the appellant, and the issue was properly submitted in the instant case.

**2.—Same—Charge of Court—Temporary Insanity—Properly Omitted.**

Under the evidence, as it appears in this record, we do not believe that the epileptic condition of appellant raised the issue of his temporary insanity, and the court properly refused to charge the jury on the issue, and was in error in submitting in his charge the issue of the permanent insanity of appellant.

**3.—Same—Charge of Court—Reasonable Doubt as Between Degrees—Error to Omit.**

Where the court charged the jury on assault to murder, and on aggravated assault, it was error to fail to instruct them that if they had a reasonable doubt as between the degrees to give him the benefit of the doubt, and convict him of the lesser degree.   See Richardson v. State, 91 Tex. Crim. Rep. 318.

**4.—Same—Evidence—Impeaching Appellant—On Collateral Issue—Improperly Received.**

Where, on a trial for an assault to murder, appellant having introduced character witnesses, and having denied that he had ever approached the witness Lawler in a threatening manner in regard to office rent that was due by appellant to him, it was error to permit the witness Lawler to contradict him.   We are of the opinion that the testimony was not admissible, either for impeachment purposes, being a collateral matter, nor on the issue of a suspended sentence.

**5.—Same—Evidence—Statements of Third Parties—Improperly Admitted.**

The testimony of Dr. Newburn that he did not remember telling the prosecuting witness, Williamson, after the trouble with appellant, "You are a damned fool if you don't go armed," should not have been admitted. The appellant was not present, and the conversation was had after the alleged difficulty, and was prejudicial to the rights of the appellant.

**6.—Same—Evidence—Bloody Clothing—Improperly Admitted.**

Where, on a trial for an assault to murder, there being no controversy as to where and how the prosecuting witness was shot, or as to who shot him, it was error to permit the state to exhibit to the jury and call their attention to the bloody clothing worn by the prosecuting witness at the time of the difficulty. See opinion on rehearing by the state.

**7.—Same—Argument of Counsel—Held Improper.**

Where, in the closing argument for the state the private prosecutor told the jury that if they failed to convict the defendant of assault to murder, and he afterward killed prosecuting witness, or some one else, or if prosecuting witness then killed the appellant, that the jury would be as guilty of murder as the appellant. This argument was improper, and should not have been permitted.

**8.—Same—Recalling Witness Released from Rule—Improper.**

Where, after the prosecuting witness had testified, he was released from the rule, and permitted to remain in the court room, and hear all of the other witnesses testify, it was error to permit the state to recall the witness, after the testimony was concluded, and permit him to explain his testimony. See motion for rehearing.

### ON REHEARING BY STATE.

**9.—Same—Impeaching Appellant—On Collateral Matter—Not Permissible.**

Where all of appellant's character witnesses were asked by the state if they had not heard that appellant had cursed and abused Mr. Lawler, an aged man, all of whom denied having heard this, and on cross-examination of appellant he was also asked the same question, and he denied having done so, but explained the incident, this should have ended the inquiry. One who is cross-examined in reference to an immaterial matter, and replies, may not be impeached by proof of the falsity of his answer. The questioner as to such collateral matter is bound by the answer of the witness. See Wilson v. State, 37 Tex. Crim. Rep. 69, and other cases cited.

**10.—Same—Evidence—Clothing—Properly Admitted.**

On rehearing, upon further consideration of the record in the light of the motion, we have concluded that the clothing worn by the prosecuting witness at the time of the difficulty, was properly admitted in evidence, in view of the qualifications of the learned trial judge of appellant's bill complaining of the matter.

**11.—Same—Excusing Witness from Rule—Discretion of Trial Court.**

On rehearing, we have concluded that we were in error in our original opinion in holding that the witness Williams should not have been recalled

by the state, after having been excused from the rule. This is a matter lodged within the sound discretion of the trial court. If such testimony appeared to be relative to matters about which testimony had been given after said witness was excused, it is very doubtful whether he should have been permitted to testify. Such does not seem to be the case. For other errors pointed out in our original opinion, the state's motion for rehearing is overruled.

Appeal from the District Court of Cherokee County. Tried below before the Hon. C. A. Hodges, Judge.

Appeal from a conviction of an assault to murder, penalty two years in the penitentiary.

The opinion states the case.

*Jno. B. Guinn* of Jacksonville, *Guinn & Guinn* of Rusk, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Cherokee County for assault with intent to murder, and his punishment assessed at two years in the penitentiary.

The record discloses that the appellant owed George Williamson, a merchant, some money, and upon entering the latter's store to discuss the payment thereof, they became engaged in a fight which resulted in appellant shooting said Williamson with a pistol. It was the contention of the state that appellant armed himself and went to the store of the prosecuting witness with the intention of bringing on the difficulty and with the deliberate intention of taking the life of said Williamson. The appellant defended upon the ground that said Williamson had been phoning his wife relative to pay said debt and that he went to the store to see Williamson and explain to him that he, appellant, would pay the debt as soon as he closed a deal he had pending, and that he was then on his way to show some parties a tract of land; that his business as a real estate dealer required him to be away from home a good deal, and camp out, and it was his custom to carry a pistol on that account; that he had no intention whatever of having a difficulty with the prosecuting witness. Appellant further testified that while explaining his intention of paying said bill, the prosecuting witness demanded that something be done about it right away, raising his hand as if to strike, whereupon he,

appellant, thinking that Williamson was striking at him, struck said witness; then said prosecuting witness knocked him down and beat him up with a stick. Appellant testified that when he arose, prosecuting witness was drawing the stick or mop handle to hit him again, and thinking that his life was in danger, he shot the prosecuting witness in his own self-defense. It was further contended by appellant, and evidence was introduced to that effect, that one of the employees of said prosecuting witness struck him over the head with a chair during the fight and that someone else in the house was shooting at him.

This is a very voluminous record, containing 37 bills of exception, and the appellant's brief contains 111 pages. For the sake of brevity, we will only discuss such matters as we deem necessary, although we have given the entire record careful attention.

Appellant contends that the evidence in this case fails to show any intent to murder and the court was in error in submitting that issue to the jury. We are of the opinion that the state's evidence raised this issue, and that this contention is not well founded.

Complaint is made to the action of the court in charging the jury on permanent insanity, upon the ground that there is no evidence authorizing such a charge, and to the failure of the court to charge on temporary insanity which was caused by the epileptic condition of the appellant. We think the record, as presented, fails to call for a charge on either permanent or temporary insanity, and if the facts are the same upon another trial the court should not submit same to the jury.

Bill of exceptions No. 5 complains of the court's refusal to charge on simple assault. We think this contention is untenable and that said issue was not raised by the testimony.

Complaint is made in bill No. 8 of the court's failure to define fully in his general charge the term malice aforethought. In view of another trial, we are of the opinion that the court should give a full charge thereon, amplifying the charge which was given on the instant trial.

By bill No. 14 complaint is made of the refusal of the court to instruct the jury that if they had a reasonable doubt as to whether the defendant was guilty of assault with intent to murder or aggravated assault, to give him the benefit of the doubt and convict him of the lesser offense. The court charged

on assault with intent to murder and aggravated assault, but failed to charge the jury, in effect that if they believed from the evidence beyond a reasonable doubt that appellant was guilty of some offense, but had a reasonable doubt as to whether he was guilty of assault with intent to murder or aggravated, to resolve that doubt in his favor. We think this was error. This court, in the case of Richardson v. State, 91 Tex. Crim. Rep. 318, 239 S. W. 218, on rehearing, specifically held that it was error for the court, in charging on murder and manslaughter, to fail to apply the doctrine of reasonable doubt as between the degrees presented, where counsel by exception pointed out such omission.

By bill of exceptions No. 27 complaint is made to the action of the court in permitting the state to show by the witness, Lawler, that the appellant had approached him in a violent, angry and threatening manner in regard to office rent that was due by appellant to him, it being contended by the appellant that said evidence was prejudicial and improper and threw no light on the issue in question. The court, in qualifying this bill, states that same was admitted in explanation of a transaction about which the defendant had testified. The record discloses that the appellant's witnesses introduced in behalf of his good reputation were asked on cross-examination by the state if they had heard of appellant approaching said Lawler, who appeared to be an aged man, in a threatening manner, and appellant in his own behalf testified, in effect, that he did not so approach the said witness. It appears from the qualification to the bill that the court was of the opinion that this testimony was admissible for impeachment purposes and on the issue of suspended sentence. We are of the opinion that testimony was inadmissible on either issue and was an attempt to impeach the appellant on an immaterial and collateral issue.

Bill No. 33 complains of the court's action in permitting the state to ask Dr. Newburn if he did not tell the prosecuting witness, Williamson, after the trouble with appellant, "You are a damned fool if you don't go armed," to which the witness answered that he didn't remember making the statement. In view of another trial, we are of the opinion that this testimony should not go before the jury, if objected to, because it appears from the bill that the appellant was not present and it was a purported conversation had after the alleged difficulty which

could only tend to prejudice the rights of the appellant before the jury.

By bill of exceptions No. 24 complaint is made to the action of the court in permitting the state to introduce in evidence the bloody clothes worn by the prosecuting witness at the time of the difficulty. The court qualifies this bill by saying that they were not introduced in evidence, but that the state was permitted to exhibit the same to the jury to show that they were powder burned. We think this evidence should have been excluded, as there was no controversy as to where and how the prosecuting witness was shot, or as to who shot him, and said evidence could only serve the purpose of inflaming the minds of the jury and prejudicing the rights of the appellant.

There are several bills of exception complaining of the closing argument of the private prosecuting attorney, in which it is urged that he stated in his closing argument to the jury that if they didn't convict the appellant of assault with intent to murder, they might as well tear down the court house and have no more juries; and if they turned appellant loose and he killed the prosecuting witness, Williamson, the jury would be just as guilty of murder as the appellant; and if they turned appellant loose and Williamson killed the appellant, they would be as guilty of murder as Williamson would be; and if they turned the appellant loose and he killed anybody else, they would be as guilty of murder as the appellant would be. Complaint is made to other such argument, but in view of the disposition we have made of this case, we think it unnecessary to go into a detailed discussion of these bills, as they will probably not occur in the same form again. However, it might be well to state in passing that such argument should not be resorted to on another trial of this case.

Appellant complains of the action of the court in permitting the state to put the prosecuting witness, Williamson, back on the stand at the close of the testimony to explain his testimony, the appellant protesting because the witness had been excused from the rule after first testifying and had heard practically all of the other state's witnesses testify, the most important of whom were his employees. The objection also went to the fact that in getting around in the court house in the presence of the jury, the prosecuting witness showed the effects of being shot and was limping, all of which, it was contended, would inflame the minds of the jury and arouse sympathy in witness' behalf. The court, in qualifying this bill, states that he permitted the

witness to stay in the room because he had employed private prosecution and the court felt that he was entitled to be in the room. We are of the opinion that under the peculiar facts of this case, as disclosed by said bills, that the court was in error in releasing said witness from the rule.

For the errors above discussed, we are of the opinion that the judgment of the trial court should be reversed and the cause remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion by the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—This case was not reversed for any error relating to the alleged insanity of the accused and we only referred to said matter for the guidance of the court upon another trial if had.

The state asked practically all those witnesses for the defense who swore to the good reputation of appellant for peace and quietude, if they had not heard of appellant having cursed and abused Mr. Lawler, an aged man. Said witnesses uniformly denied having heard of such occurrence. Had they admitted having heard of same, the only legal effect of such admission would have been to weaken to that extent their testimony as to appellant's good reputation. When appellant took the stand he did not refer on direct examination to the matter of any trouble between himself and Lawler. On cross-examination the state asked him about same and appellant denied having cursed or abused Lawler, but explained the incident. This should have ended the inquiry. It was purely collateral and in no other way germane to any issue in this case. One who is cross-examined in reference to an immaterial matter and replies, may not be impeached by proof of the falsity of his answers. The questioner, as to such collateral matter, is bound by the answer of the witness. Wilson v. State, 37 Tex. Crim. Rep. 69; Hall v. State, 43 Tex. Crim. Rep. 489; Holland v. State, 60 Tex. Crim. Rep. 117.

Upon further consideration of the record in the light of the motion we have concluded that bill of exceptions No. 24 complaining of the use in testimony of the clothing worn by prose-

cuting witness at the time of the affray, shows no error in view of the qualification of the learned trial judge thereto.

We did not intend to change the well established holding that the enforcement of the rule as to witnesses is for the sound discretion of the trial court, unless there be further need for the testimony of a witness who has given his evidence, he may be excused from the rule. The bill of exceptions complaining of the court's action in excusing the prosecuting witness herein from the rule after he had given his testimony, does not present error. The existence and enforcement of the rule, in regard to witnesses, is not to be used as a means of keeping persons out of the court room, but to prevent the testimony of witnesses not used from being affected by hearing others give their testimony as to the matters inquired about. The prosecuting witness having testified and there being no assertion of either side that they desired to use him again, it was perfectly proper for the court to excuse him. When called to testify by the state in rebuttal it became a question for the trial court to pass upon as to whether the testimony which they sought to elicit from him was such as that it might have been affected or influenced by what he had heard after being excused from the rule. If such testimony appeared to be relative to matters about which testimony had been given after said witness was excused, it was very doubtful whether he should have been permitted to testify. Such does not seem to be the case.

We think the case correctly reversed for the other errors discussed in the opinion, and the state's motion for rehearing will be overruled.                                       *Overruled.*