(January 24, 1927.)

## STATE, Respondent, v. LEE FOYTE, Appellant.

[252 Pac. 673.]

HOMICIDE—FAILURE TO TAKE EXCEPTION—PREJUDICIAL ERROR IN ADMISSION OF TESTIMONY—INSTRUCTIONS.

1. In prosecution for murder, failure of defendant's counsel to except to court's ruling permitting testimony to statements by codefendant, made without presence of defendant, *held* not to preclude review thereof.

Points Decided.

2. In prosecution for murder, admitting testimony of state-ments, made by codefendant without the presence of defendant, *held* prejudicial error.

3. Instruction in murder prosecution that malice aforethought includes not only anger, hatred and revenge but every other un-lawful and unjustifiable motive, *held* erroneous.

4. Instruction, in prosecution for murder, on presumption of truth of defendant's statements against interest and relative to acceptance of testimony in own behalf, *held* erroneous, as incor-rectly stating law and singling out defendant's testimony for special comment.

5. Instruction in murder prosecution, authorizing finding of guilty if jury found that defendant, though not actually killing deceased, aided or abetted therein, *held* erroneous, in view of ap-parent theory that defendant alone committed murder, and de-fendant's accusation of another, showing defendant's presence, and justifying jury's conclusion that he aided and abetted in murder.

6. In prosecution for murder, requested instruction forbidding verdict of murder or manslaughter on finding defendant was only accessory after the fact should have been given in view of de-fendant's declarations that he knew nothing of murder prior to its commission.

7. Instruction in prosecution for murder, directing jury that it was their duty to find murder in the first degree on finding cer-tain elements specified in instruction, *held* not erroneous.

APPEAL from the District Court of the First Judicial District, for Shoshone County. Hon. Albert H. Feather-stone, Judge.

Judgment of conviction of murder in the first degree and sentence of death. *Reversed and remanded for new trial.*

Publisher's Note.

3. "Malice aforethought," see note in 38 **L. R. A., N. S.,** 1054.

See Criminal Law, 16 **C. J.,** sec. 1310, p. 657, n. 12; sec. 1331, p. 667, n. 21; sec. 2444, p. 1019, n. 26; sec. 2479, p. 1038, n. 80; p. 1039, n. 84; 17 **C. J.,** sec. 3342, p. 77, n. 34; p. 78, n. 38 New; sec. 3662, p. 319, n. 22.

Homicide, 30 **C. J.,** sec. 589, p. 335, n. 67; sec. 600, p. 347, n. 94; sec. 640, p. 394, n. 7; p. 395, n. 8; sec. 646, p. 402, n. 78.

Carlton Fox and John L. Fitzgerald, for Appellant.

The trial court erred in allowing witness R. E. Weniger to testify as to conversations which he had with the defendant Timmel at a time and place where defendant Foyte was not present, because the testimony was purely hearsay. (*State v. Main*, 37 Ida. 449, 460, 216 Pac. 731; *Moore v. State*, 8 Okl. Cr. 496, 129 Pac. 71; *Brookhaus v. State*, 11 Okl. Cr. 625, 150 Pac. 510; *People v. Driggs*, 12 Cal. App. 240, 108 Pac. 62, 64.)

The trial court erred in giving instructions numbered 15, 16, 20, 21, 22, 23, 30, 31 and 32, in that therein it submitted to the jury the theory of defendant's guilt as aiding and abetting the defendant Timmel in the commission of the crime of murder and in permitting the jury to find defendant guilty of murder in aiding and abetting Timmel therein; and, in view of giving such instruction on behalf of the state, the court erred in refusing to give instructions numbered 5 and 17 requested by the defendant. (*Commonwealth v. West* (Ky.), 113 S. W. 76; *Miller v. Territory*, 3 Wash. Ter. 554, 19 Pac. 50.)

The evidence is insufficient to sustain the verdict and the judgment thereon (*State v. Marcoe*, 33 Ida. 286, 193 Pac. 80; *State v. Hurst*, 36 Ida. 156, 209 Pac. 724), and in that it is not sufficient to warrant the penalty of death. (*State v. Ramirez*, 33 Ida. 803, 199 Pac. 376.)

The trial court should not have given instruction numbered 29, in which the jury was told that "the words 'malice aforethought,' includes not only anger, hatred and revenge, but every other unlawful or unjustifiable motive." (*State v. Rogers*, 30 Ida. 259, 163 Pac. 912; *State v. Dunlap*, 40 Ida. 627, 235 Pac. 432.)

C. S., secs. 9006 and 9013, requiring exceptions to be taken, are not binding on this court, which has the inherent power to require that a defendant be not prejudiced in a substantial right by manifest error. (C. S., secs. 9084, 9086; *State v. Blank*, 33 Ida. 730, 197 Pac. 821; *Day v. Day*, 12 Ida. 556, 10 Ann. Cas. 260, 86 Pac. 531; *People v. Jung*

*Hing,* 212 N. Y. 393, Ann Cas. 1915D, 333, 106 N. E. 105.)

The *corpus delicti,* in so far as the charge that Foyte killed Montgomery is concerned, was not sufficiently established, for the evidence does not preclude the hypothesis that Timmel killed Montgomery and that Foyte was merely an accessory after the fact. (*People v. Galbo,* 218 N. Y. 283, 2 A. L. R. 1220, 112 N. E. 1041.)

A. H. Conner, Attorney General, and John W. Cramer, Assistant Attorney General, for Respondent.

Assignments of error involving the action of the court in overruling an objection to the introduction of any evidence, and its rulings upon the introduction of certain oral and documentary evidence, are not reviewable upon appeal when no exceptions thereto were taken and preserved in a bill of exceptions. (C. S., sec. 9006; *State v. Brockman,* 39 Ida. 468, 228 Pac. 250; *State v. White,* 33 Ida. 697, 197 Pac. 824; *State v. Peck,* 14 Ida. 712, 95 Pac. 515.)

The *corpus delicti* is sufficiently established. (*State v. McLennan,* 40 Ida. 286, 231 Pac. 718.)

The evidence is sufficient to justify the verdict. (*State v. Marren,* 17 Ida. 766, 107 Pac. 993; *State v. McLennan, supra; State v. Caviness,* 40 Ida. 500, 235 Pac. 890.)

When a jury finds a defendant guilty of murder in the first degree they may impose the death penalty. (C. S., sec. 8212.)

T. BAILEY LEE, J.—The defendant, Lee Foyte, together with one Albert Timmel, were jointly charged with having killed and murdered James Montgomery. Defendant's motion for a separate trial having been granted, he was thereafter duly convicted of murder in the first degree, the jury fixing the penalty at death. From the judgment and order denying a motion for a new trial this appeal has been taken.

Aside from certain statements and admissions of defendant, the proof of the killing was purely circumstantial. Defendant's story as related to the officers, and introduced by

the state, was to the effect that Albert Timmel had told him that on December 7, 1925, he was going over to the deceased's ranch ''to get even with the son-of-a-bitch,'' and that if defendant would be there to act as a witness, he would pay him $3,000; that on the day specified defendant went to the ranch and spent the evening in the house with deceased, until the former saw Timmel approaching the premises; that he became apprehensive, but did not warn the deceased as he feared Timmel would shoot him if he did so; that the deceased went to the barn to milk, shortly whereafter defendant heard a shot followed by the entry of Timmel who demanded that defendant assist him 'in disposing of the body; that in fear of his life he accompanied Timmel to the barn where defendant picked up deceased's body and concealed it in a neighboring hollow stump. He denied all part in the crime, yet admitted his expectation that Timmel purposed to kill the deceased.

That the deceased was murdered is beyond controversy. At the trial defendant did not take the stand nor did any witness in his behalf testify to any fact tending to exculpate him of the crime charged. Many errors have been assigned of which only a few, in the face of the evidence, merit discussion. It is first contended that the court erred in permitting the witness Weniger to testify to statements made without the presence of defendant by his codefendant, Timmel.

[1] No exception to the ruling was taken or saved; and it is urged by the state that no review can be had. This court has frequently held in criminal cases that it would not consider errors in the admission of evidence unless exceptions thereto were preserved. But it has never so held in a capital case, especially where the record discloses objection followed by motion to strike. The record runs:

*''Redirect Examination by Mr. Horning.*

''Q. You stated that Mr. Timmel did not deny the statements made by Foyte at that time. Did he deny it at any other time? A. Yes, after, when I locked him up that night, he said, 'What do you think of that story that that

fellow is trying to spring on me?" He said, 'He is lying about it, and trying to put me into this case,' and he said, 'I don't know anything about it at all.'

"Mr. Fitzgerald: Was Foyte present at this time?

"A. No, he wasn't.

"Mr. Fitzgerald: Then I object to the answer and move that it be stricken.

"Objection overruled."

[2] Mere inadvertence of counsel to except should not preclude a defendant with life at stake from claiming the right of fair trial. The defendant, Timmel, was not being tried. He was not in court, and could have been neither cross-examined nor impeached. Yet the state was permitted, over objection, indirectly to try him, acquit him upon his unsworn denial, and leave his codefendant pilloried before the jury. Error more prejudicial is difficult to fancy.

[3] Complaint is made of instruction No. 29 that " 'malice aforethought' includes not only anger, hatred, and revenge, but every other unlawful and unjustifiable motive." This identical instruction has hitherto twice been declared erroneous. (*State v. Rogers*, 30 Ida. 259, 163 Pac. 912; *State v. Dunlap*, 40 Ida. 630, 235 Pac. 432.)

[4] The court instructed the jury that:

"The law presumes everything to be true which the defendant has said against himself, because the presumption is that he would make no statements against himself or against his own interest unless such statements were true. But anything which you may believe from the evidence that the defendant has said in such statements (if any have been made) in his own behalf, you are not obliged to believe, but you may treat the same as true or false when considered in the light of all the other facts and circumstances in the case."

This is assigned as error, and error it is, both upon the ground that it does not state the law, and furthermore, singles out the defendant's testimony for special comment. As was aptly said in *Welsh v. State*, 96 Ala. 92, 11 So. 450:

"The fourth charge of the court we think was erroneous, in that it is there declared, *inter alia*, that what the de-

fendant said against himself in the conversation or statement introduced as a confession 'the law presumes to be true, because against himself.' There is a sort of presumption of the truth of declarations against interest which the law adjudges as the basis of admissibility. There is also a sort of legal presumption that statements made under the unction of an oath or of approaching dissolution are true, and this presumption is the basis of admissibility of sworn testimony and dying declarations. But it extends no further than this. When the office of the presumption has been performed, it ceases to exist. It no longer attends upon evidence when it was gotten before the jury. Once there, it must stand upon its own inherent force and reasonableness, and the jury are neither helped nor hindered with respect to any view of its truth or falsity they may be inclined to take by any legal presumption whatever. The charge was an invasion of the jury province, and should not have been given.'

"We think the better rule for the court to follow is not to single out any special witness personally and burden his testimony with any suggestions which might indicate to the jury that in the opinion of the court such witness was liable to testify falsely. Instructions as to the credibility of a witness should be general, and apply equally to all of the witnesses for the state and the defendant alike. Because a witness may be the defendant is no particular reason why he should be visited with condemnation upon the one hand or clothed with sanctity upon the other. He is before the court as a witness and should be treated by both the court and the jury just as other witnesses are treated, no better and no worse. And the giving of such instruction cannot be regarded as otherwise than erroneous." (*State v. Rogers,* 30 Ida. 259, 163 Pac. 912.)

[5] The court gave several instructions advising the jury that should they find that Timmel actually killed the deceased, yet they should find the defendant guilty if they found from the evidence that he aided or abetted in the crime's commission. These are charged as error. If they

43 Idaho—30

are to be measured by the state's apparent theory that the defendant alone committed the murder, the instructions were clearly erroneous. But, whether competent or not, defendant's accusation of Timmel was before the jury who were at liberty to believe it and conclude from a pregnant record that defendant proceeded to the Montgomery ranch to aid and abet, and having arrived did so.

[6] The court refused to give defendant's requested instruction No. 17, which forbade a verdict of murder or manslaughter, if the jury believed defendant to have been only an accessory after the fact. In view of defendant's declarations that he knew nothing of the murder prior to its commission, the instruction should have been given.

[7] We do not think that the court erred in directing the jury that it was their duty to find murder in the first degree if they found the elements specified in the instruction; they were sworn to do this very thing.

The judgment and order denying a new trial are reversed and a new trial granted.

Wm. E. Lee, C. J., and Givens and Taylor, JJ., concur.

Budge, J., did not participate.