STATE, Respondent, v. WILLIAM R. GEORGE, Appellant.

[258 Pac. 551.]

CRIMINAL LAW — INTERFERENCE WITH HEADGATE — INDICTMENT AND
INFORMATION — SUFFICIENCY OF — JUDGMENT OF CONVICTION — RE-
QUESTED INSTRUCTIONS—NO REVERSAL FOR FAILURE TO INDORSE—
VERDICT OF ACQUITTAL—TRIAL COURT'S DISCRETION.

1.   Information or indictment charging a statutory offense
substantially in the language of the statute is sufficient.

2.   Information charging interference with a headgate regulated
by a water-master, which is sufficiently comprehensive and ex-
plicit to enable a person with common understanding to know
what is intended, satisfies requirements of C. S., secs. 8825-8834.

3.   Judgment of conviction for interference with a headgate
regulated by a water-master will not be disturbed for refusal
to permit defendant's counsel to examine instructions requested
by state and to submit authorities in support of instructions
offered, in absence of showing that such action complained of
resulted in prejudice.

4.   Under C. S., secs. 9084, 9191, failure of trial court to
indorse each of state's requested instructions held not to require
reversal, without showing of prejudice as a result of such failure
in that it was only technical error and did not affect any sub-
stantial right of defendant.

5.   Refusal to give requested instruction does not constitute
error where it is fully covered by instructions given.

6.   Advising jury to render a verdict of acquittal as requested
by defendant is within discretion of trial court, and its action
in such regard will not be reviewed on appeal.

Publisher's Note.
1.   Charging crime in language of statute, see notes in 27 Am.
Dec. 203; 36 Am. Dec. 502; 94 Am. Dec. 252; 3 Am. St. 281; 16
Am. St. 30; 61 Am. St. 409; 65 Am. St. 775; 105 Am. St. 282; 134
Am. St. 363; 139 Am. St. 929; 11 L. R. A. 530; 13 L. R. A. 607;
39 L. R. A., N. S., 1202. See, also, 14 R. C. L. 185.
5.   See 14 R. C. L. 751.

See Criminal Law, 16 C. J., sec. 2300, p. 936, n. 83, 84; sec.
2506, p. 1063, n. 85; 17 C. J., sec. 3602, p. 274, n. 22; sec. 3588,
p. 248, n. 97; sec. 3602, p. 274, n. 22; sec. 3751, p. 368, n. 5.
Indictments and Informations, 31 C. J., sec. 173, p. 654, n. 20;
sec. 260, p. 708, n. 29.

APPEAL from the District Court of the Eleventh Judicial District, for Twin Falls County. Hon. Wm. A. Babcock, Judge.

William R. George was convicted of the crime of interfering with a headgate regulated by a water-master, and he appeals. *Affirmed.*

Turner K. Hackman, for Appellant.

The court erred in overruling the demurrer to the complaint upon the ground that the information fails to charge an offense with the same fullness and precision in matters of substance as is required in indictments in like cases, as provided for in C. S., sec. 8811, in that the complaint does not allege "facts constituting the offense sought to be charged." (*State v. O'Neil,* 24 Ida. 582, 135 Pac. 60; *State v. Bowman,* 40 Ida. 470, 235 Pac. 577; *State v. Smith,* 25 Ida. 541, 548, 138 Pac. 1107; *State v. Mickey,* 27 Ida. 626, 631, 150 Pac. 39; 1 Bishop, New Criminal Proc., secs. 77, 81, 84, 86, 141, 147, 506, 507, 526; 2 Bishop, New Criminal Proc., secs. 499, 505; *United States v. Cruikshank,* 92 U. S. 542, 558, 23 L. ed. 588, 593; *Hurtado v. People,* 110 U. S. 516, 4 Sup. Ct. 292, 28 L. ed. 232; *People v. Jacinto Aro,* 6 Cal. 208; *People v. Wallace,* 9 Cal. 30; *State v. Lottridge,* 29 Ida. 53, 155 Pac. 487; *United States v. Carll,* 105 U. S. 611, 613, 26 L. ed. 1135, 1136; *Evans v. United States,* 153 U. S. 584, 14 Sup. Ct. 934, 38 L. ed. 830; *Cochran v. United States,* 157 U. S. 286, 39 L. ed. 704; *Batchelor v. United States,* 156 U. S. 426, 15 Sup. Ct. 446, 39 L. ed. 478; *State v. Scheminisky,* 31 Ida. 504, 174 Pac. 611; *State v. Cole,* 31 Ida. 603, 174 Pac. 131.)

The court erred in overruling the demurrer upon the grounds that said complaint does not contain "a statement of the acts constituting the offense in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended." (C. S., sec. 8825, par. 2.)

The complaint fails to comply with C. S., sec. 8827, par. 3, in that it does not set forth "the particular circumstances of the offense charged." (Same authorities cited above.)

The matters above referred to are matters of substance, of substantive right, and are not matters of mere procedure; and cannot be dispensed with either by legislative enactment or judicial action under the due process of law provision of either the federal or state constitution. (*Evans v. United States, supra; Batchelor v. United States, supra; Cochran v. United States, supra; State v. Smith, supra; State v. Bowman, supra; Hurtado v. People, supra;* 1 Bishop, New Criminal Proc., secs. 77, 81, 86, 505.)

The court erred in refusing and neglecting to comply with the provisions of C. S., sec. 8972, in regard to indorsement upon instructions. (*People v. Flahave,* 58 Cal. 249; *People v. Bemmerly,* 87 Cal. 117, 25 Pac. 266; *People v. January,* 77 Cal. 179, 19 Pac. 258; *People v. Cole,* 127 Cal. 545, 59 Pac. 984; *People v. Hart,* 44 Cal. 598; *People v. Biles,* 2 Ida. 103, 117, 6 Pac. 120; *State v. Suttles,* 13 Ida. 88, 94, 88 Pac. 238; *State v. Peck,* 14 Ida. 712, 95 Pac. 515; *State v. Buster,* 28 Ida. 110, 152 Pac. 196; *State v. Lundhigh,* 30 Ida. 365–371, 164 Pac. 690.)

Frank L. Stephan, Attorney General, and John W. Cramer, Assistant Attorney General, for Respondent.

Charging a crime in the language of the statute defining the crime is sufficient. (*State v. Lundhigh,* 30 Ida. 365, 164 Pac. 690; *State v. Bowman,* 40 Ida. 470, 235 Pac. 577; *State v. Lottridge,* 29 Ida. 53, 155 Pac. 487; *People v. Emmons,* 13 Cal. App. 487, 110 Pac. 151.)

It is not sufficient to show that error was committed, but it must be shown that such error was prejudicial to defendant. (C. S., sec. 9191; *State v. Dong Sing,* 35 Ida. 616, 208 Pac. 860; *State v. Poynter,* 34 Ida. 504, 205 Pac. 561, 208 Pac. 871.)

In this state, prejudicial error cannot be predicated upon the refusal of the court to give an advisory instruction for the acquittal of a defendant. (*State v. Chacon,* 36 Ida. 148, 209 Pac. 889; *State v. West,* 42 Ida. 214, 245 Pac. 85.)

It is not error for the court to refuse to give an instruction requested by the defendant when the same is fully covered by the instructions given. (*State v. Hoagland,* 39 Ida. 405, 228 Pac. 314; *State v. Cosler,* 39 Ida. 519, 228 Pac. 277; *State v. Jurko,* 42 Ida. 319, 245 Pac. 685; *State v. Sayko,* 37 Ida. 430, 216 Pac. 1036.)

BUDGE, J.—Appellant was charged with and convicted of the crime of interfering with a headgate regulated by a water-master, in violation of the provisions of C. S., sec. 8532, as amended by Sess. Laws 1921, chap. 131, p. 316.

[1] It is urged that the court erred in overruling a demurrer to the information. It has frequently been held by this court that an information or indictment charging a statutory offense substantially in the language of the statute, as was done in this case, is sufficient. (*State v. Lundhigh,* 30 Ida. 365, 164 Pac. 690, and cases therein cited; *State v. McMahon,* 37 Ida. 737, 219 Pac. 603; *State v. Brill,* 21 Ida. 269, 121 Pac. 79; *State v. O'Neil,* 24 Ida. 582, 135 Pac. 60.) [2] In our opinion the information herein is sufficiently comprehensive and explicit as to enable a person of common understanding to know what is intended, and satisfies, we believe, the requirements of C. S., secs. 8825, 8826, 8827 and 8834.

[3] It is further urged that the trial court erred in refusing to permit counsel for appellant to examine instructions requested by the state, as well as to submit authorities in support of the instructions offered by appellant. Thus far the request was proper and should have been granted, but in the absence of a showing that the action of the trial court in the respects complained of resulted in any prejudice to appellant, the judgment will not be disturbed.

Error is also claimed in the failure of the trial court to indorse and sign its decision upon each requested instruction of both of the parties, as provided by C. S., sec. 8972, and

in its refusal to give certain instructions requested by appellant.

[4]   With respect to the failure of the court to indorse each of the state's requested instructions, although such indorsements should have been made, we are reminded by the provisions of C. S., secs. 9084 and 9191 that this court must give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties; and that neither a departure from the form or mode prescribed in the Code of Criminal Procedure in respect to any pleading or proceeding, nor an error or mistake therein, renders it invalid unless it has actually prejudiced the defendant or tended to his prejudice in respect to a substantial right.   Appellant does not claim error because of the giving of any instruction requested by the state, and there is no attempt to show any prejudice to him as a result of the court's failure to indorse the state's requested instructions.   At most this was but a technical error, and did not affect any substantial right of the appellant.

[5]   On appellant's requested instruction No. 3 the court indorsed the words, "Refused. Sufficiently covered by instruction given by Court on his own motion."   The subject matter of this instruction was sufficiently covered by instruction No. 2.   Likewise with respect to appellant's requested instruction No. 2, the substance of which was fully and fairly covered by the court's instructions Nos. 10 and 11. It is not error to refuse to give a requested instruction where the same is fully covered by the instructions given. (*State v. Hoagland,* 39 Ida. 405, 228 Pac. 314; *State v. Cosler,* 39 Ida. 519, 228 Pac. 277; *State v. Jurko,* 42 Ida. 319, 245 Pac. 685.)   This applies also to several other instructions requested by appellant, the refusal to give which is severally assigned as error.

Appellant's requested instructions Nos. 4, 7 and 8 were not indorsed by the court, but it appears that his requested instruction No. 4 is in identical language with his requested instruction No. 3 and that his requested instructions Nos.

44 Idaho—12

7 and 8 covered the same subject matter, all of which were fairly covered by the court's instruction to the jury, No. 2. Certainly the court would not be required to repeat to the jury the same instruction twice, or reiterate the same subject matter though submitted in different form; and it is not shown that appellant was injured by the mere omission of the court to indorse the requested instructions, particularly in view of the fact that their substance was fairly covered by the instructions given.

[6]     There is no merit in the contention that the court erred in refusing to advise the jury to render a verdict of acquittal, as requested by appellant. This was within the discretion of the trial court, and its action in such regard will not be reviewed. (*State v. Murphy,* 29 Ida. 42, 156 Pac. 908; *State v. Chacon,* 36 Ida. 148, 209 Pac. 889; *State v. West,* 42 Ida. 214, 245 Pac. 85.)

The judgment is affirmed.

Wm. E. Lee, C. J., and Givens, Taylor and T. Bailey Lee, JJ., concur.

Petition for rehearing denied.